No. 14,113.

ANNEAR, STATE AUDITOR ET AL. *v.* McKELVEY.
(66 P. [2d] 536)

Decided March 22, 1937.

Mr. Byron G. Rogers, Attorney General, Mr. Pierpont Fuller, Jr., Assistant, for plaintiffs in error.

Mr. Edward V. Dunklee, for defendant in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

Defendant in error, herein designated as petitioner, is seeking to obtain an annuity from plaintiffs in error, who compose the state employees' retirement board of the State Employees' Retirement Association, herein called the board.

The board on September 18, 1936, denied petitioner's application for an annuity. He thereupon sued out a writ of certiorari in the district court of the City and County of Denver, and a certified copy of the files and records of the board concerning the case was filed with its return to the writ. The court entered judgment remanding the cause to the board with instructions to grant the application for an annuity. It brings the judgment here by writ of error for review.

It appears from the record that on August 1, 1931, when an act "relating to pensioning of certain

classes of state employes after retirement from office,'' chapter 157, S. L. 1931, went into effect, petitioner had been in the service of the state in various capacities, including his then employment as secretary of the state board of health, for more than twenty years. The pertinent portions of the above mentioned Act are found in section 2, which is as follows: ''There is hereby established a State Employes' Retirement Association, the membership of which shall consist only of state employes. Membership in said association shall be optional on the part of the present state employes but all new state employes except elective state officers shall become members of said association by acceptance of state employment. Present employes who apply for membership in the Retirement Association prior to January 1, 1932, and all new state employes except elective state officers shall pay a membership fee of Five Dollars and present employes who apply for membership therein after January 1, 1932, shall pay a membership fee of Ten Dollars, all such fees to be used for administrative expenses of the association, and are not returnable. Provided, however, that no present employe shall be eligible to apply for membership in the Retirement Association after August 1, 1933. In addition to such membership fee, every present employe who becomes a member of the Retirement Association shall pay in a sum equal to all accrued deductions from his or her salary which would have been made had such employe become a member of the Retirement Association August 1, 1931, with interest thereon at the rate of four per cent (4%) per annum, compounded semi-annually.''

Further pertinent sections, so far as material, are the following, being amendments, which appear in chapter 203, Session Laws 1935. They are as follows:

''Section 3 * * * Section 9. (1) Whenever any member of said Association shall cease to be a state employe for any reason other than death or retirement, he or she shall be paid on demand, the full amount of the

accumulated deductions, standing to the credit of his or her individual account, together with interest at 2½% compounded semi-annually *accruing on such accumulated deductions on or before August 1, 1936, but after that date no interest shall accrue on any member's accumulated deductions.* However, any such member shall, upon application in writing to the retirement board within sixty days from the termination of his or her employment, be permitted to retain membership in the Retirement Association upon the payment of regular deposits in lieu of salary deductions, * * *."

"Section 4 * * * Section 11. Whenever any member of the Retirement Association has been an employe of the state for a period of twenty (20) years and has attained the age of sixty-five (65) years or when any such employe has been in the service of the state for a period of thirty-five (35) years, he or she shall be eligible for retirement for superannuation * * *. Upon such retirement such members shall receive an annuity for the remainder of his or her life equal to fifty (50) per cent of his or her average salary during the last five years of service, provided that no retirement annuity shall exceed the sum of one hundred and fifty dollars ($150.00) per month * * *."

"Section 6 * * * Section 16. No retirement on account of disability or superannuation shall be granted until August 1, 1936, nor shall any member of the Retirement Association be entitled to receive a retirement annuity for superannuation until he or she shall have paid into the Retirement Fund, either by deductions from salary or in a lump sum with interest, before such retirement, an amount equal to five years' accumulated deductions from his or her average salary during the last five years of service. *Nothing done hereunder shall create or give any contract rights to anyone, except the right to receive back upon withdrawing from the association, any contributions made, as provided in Section 9 hereof* * * *."

Rule 5 of the association relating to payments made by employes retaining membership in the association after leaving the service of the state in lieu of salary deductions as provided in section 9 as amended, supra, contained, inter alia, the following:

"Such payment for the preceding month shall become due on the first day of each succeeding calendar month. If such payment is not made within sixty days from the due date, membership in the association shall lapse at the end of such sixty-day period and *all rights shall be forfeited except* the right to receive back upon demand within two years from date of last payment the accumulated deductions and direct payments standing to the credit of his or her individual account."

On July 19, 1933, and within the period fixed by section 2, chapter 157, Session Laws, 1931, supra, the petitioner applied for membership in the association, paid his membership fee of ten dollars and $79.59 on account of the $264.41 which was the amount, with interest at 4 per cent compounded semi-annually, required to be paid under said section to equal the accrued deductions from his salary which would have been made had be become a member of the association August 1, 1931. Thereafter and until his employment ceased March 4, 1935, deductions were regularly made from petitioner's salary for the benefit of the fund of the association. On April 30, 1935, and within two months after his employment ceased, petitioner made application pursuant to section 9, as amended by section 3, chapter 203, supra, to be permitted to retain membership in the association and paid $31.92 for the months of March, April, May and June of 1935. Thereafter he made no further payments until May 28, 1936, when he tendered $365.58, being the remainder of the amount of the payment required in lieu of salary deductions at the time he applied for membership July 19, 1933, plus the monthly payments required subsequent to June, 1935, in lieu of salary deductions

after leaving the service, including 4 per cent interest on the deferred payments, compounded semiannually.

 It is clear that under rule 5, supra, if the same is effective, petitioner not having made his monthly payments, required after he ceased his employment, within 60 days from the due date thereof as fixed by the rule, lapsed his membership in the association and is entitled to his accumulated deductions but is not entitled to an annuity. The authority for making rules is found in section 3 of chapter 203, supra. This section, so far as material is as follows: "The Board shall, from time to time, subject to the limitations of this act, and of the law, establish rules and regulations for the administration of the Retirement Fund and other provisions of this Act and for the transaction of its business."

It will be observed that the rule-making power is limited to making rules for the administration of the fund and transaction of the business of the association and is "subject to the limitations of this act, and of the law." Section 6, amended section 16, supra, provides that no contract right shall accrue to a member of the association except the right to receive back upon withdrawing from the association any contributions made as provided in section 9 thereof. If no contract right arises, then any other right, as the right to an annuity, must arise by virtue of the statute. The acts, chapters 157 and 203, supra, do not limit the time within which any of the payments to the fund therein required shall be made in order that statutory rights to an annuity accrue, or terminate. Payment is required, and if not made at certain prescribed times and in designated installments it must be made in a lump sum including 4 per cent interest on the installments compounded semiannually. Rule 5 goes further than the section of the statute, under authority of which it was adopted, permits. It determines when a right that has arisen under an act passed by the General Assembly shall cease to exist, though the legislative body itself has not seen fit to place any time limit upon the

right granted. If such a limitation is to be imposed it must be by legislative act and not by administrative rule.

It is urged that section 2 of chapter 157, supra, requires payments "in addition to such membership fee" and that section 9 as amended by section 3, chapter 203, supra, provides that one who has ceased to be an employee "shall * * * be permitted to retain membership in the Retirement Association *upon the payment of regular deposits in lieu of salary deductions.*" It is admitted the payments were not made as the statute provides they may be; and we may assume they were not made as they should have been to comply with said sections 2 and 9.

The question is as to the effect of noncompliance with such requirements and whether there is an alternative course which will avoid the effect of such noncompliance. The association contends that not having made the payments in addition to the membership fee, petitioner never became a member; and if he did become a member, not having made regular deposits after his employment terminated he ceased to be such. Section 6 of chapter 203, supra, amending section 16 of the original act, provides that no annuity shall be paid until the member "shall have paid into the Retirement Fund, *either by deductions from salary or in a lump sum with interest,* before such retirement an amount equal to five years' accumulated deductions, * * *." Apparently one may be a member and still not be entitled to an annuity by reason of a failure *fully* to comply with the conditions which would make him eligible to receive it; and therefore he would be entitled only to return of the money he had paid. If paying regularly is necessary to membership, why the alternative provision in amended section 16, supra, that a *member* cannot receive an annuity until he has paid the designated amounts for a specified period by deductions from salary, *or in a lump sum?* If membership ceases when regular payments are not made, and only members may receive an annuity, why the provision for a payment that no member could owe, and that, not being a member,

if he made would avail him nothing? If it be said that the lump sum referred to is the amount which would have been paid in deductions had the petitioner begun paying when the law went into effect on August 1, 1931, instead of waiting to apply for membership until July 19, 1933, then it is pertinent to point out that section 2 of chapter 157 does fix the interest to be computed when payment is made, but does not fix the *time* for payment as that of applying for membership, and that amended section 16 does reiterate the provision for an interest charge and fixes the time for payment of a possible lump sum as "before such retirement."

 We hold that the files and records of the board established that petitioner brought himself within the terms of the legislative acts. Such being the case the board had no discretion but to pay the annuity provided for by law, and in refusing to do so was not regularly pursuing its authority. The judgment of the trial court instructing that such payment be made is therefore affirmed.

Mr. Justice Holland not participating.