

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 7, 1960

The Honorable Zollie Steakley
Secretary of State
Austin, Texas

Opinion No. WW-841

Re: Whether the Secretary of
State can rescind a final admin-
istrative forfeiture of a corporate
charter done under the provisions
of Article 7096, V.C.S.

Dear Mr. Steakley:

We quote from your Opinion Request as follows:

"Southwestern Wire and Cable Company was
incorporated as a Texas corporation in 1952. The
corporation failed to file franchise tax report as of
May 31, 1956, and the usual notices from this office
were forwarded to the corporation at the address
shown on the 1955 Franchise Tax Report. Default
continuing, this office forfeited the right to do busi-
ness of the corporation on July 2, 1956. The cor-
poration delinquency was certified to your office
under our regular procedure and on February 1,
1957, inquiry was made of the Tax Assessor of Dallas
County (the home office of the corporation) concern-
ing assets on the tax rolls from which a judgment
might be satisfied for the franchise tax delinquencies;
the office of the Tax Assessor replied in the negative.

"Pursuant to the provisions of Article 7096,
this office in December, 1957, determined that South-
western Wire & Cable had 'no assets from which a
judgment for the franchise tax, penalties, and court
costs may be satisfied;' your office approved this
finding on December 3rd and on December 9, 1957,
this office forfeited the charter of the corporation in
the manner provided by Article 7096, the forfeiture
being consummated without judicial ascertainment
by entering upon the charter of the corporation the
words 'Charter Forfeited.'

"Under date of September 8, 1959, one Mr.
William Kearney applied to this office for the corpor-

ate name reservation of Southwestern Wire & Cable Company and on October 13, 1959, a certificate of name reservation was issued by this office to Kearney pursuant to Article 2.06b of the Texas Business Corporation Act.

"Is the statutory act of forfeiture by this office on December 9, 1957, of the charter of Southwestern Wire & Cable Company pursuant to Article 7096 a final act with the statutory result that the name Southwestern Wire & Cable Company thereafter became available, wherefore the certificate of name reservation issued by this office on October 13, 1959, of Southwestern Wire & Cable Company was valid and the Secretary of State is without power to refuse to approve the tendered articles of incorporation of Southwestern Wire & Cable Company?"

The laws pertaining to the amount, administration, collection and failure to pay franchise tax were contained in Articles 7084 through 7097, V.C.S. (Repealed by the Acts of 1959, 56th Legislature, effective September 1, 1959, now incorporated in Title 12 2A Taxation - General)

Failure to pay franchise taxes has always subjected corporate charters to forfeiture. Prior to May 17, 1951, judicial forfeiture was the sole method provided. However, in 1951, Article 7096, V.C.S., was amended by adding thereto a second paragraph providing for an administrative forfeiture as follows:

"Upon determination by the Secretary of State that any domestic corporation whose right to do business has been previously forfeited by that officer, and which corporation has failed and refused to have its right to do business revived pursuant to the provisions of this chapter, and which corporation fails to revive its right to do business prior to the first day of January next succeeding the date of forfeiture of its right to do business, and which corporation has no assets from which a judgment for the franchise tax, penalties, and court costs may be satisfied, and approval of such determination by the Attorney General, the charter of any such corporation may be for-

feited, which forfeiture may be consummated without judicial ascertainment by the Secretary of State entering upon the charter of such corporation filed in his office, the words 'charter forfeited,' giving the date thereof and citing this act as authority therefor."

The rule is generally accepted that the officers of a board or of a department have the power to rescind their action on a matter that has not become final. See State Banking Board of Texas v. McCullough, et al., 316 S.W.2d 259, (Tex.Civ.App., error ref. n.r.e.). The fact situation recited in your request states that all the necessary conditions of an administrative forfeiture existed and that all steps prescribed by the statute were followed, including the entry of the words, "charter forfeited" upon the corporate charter in question. This was a final act, and not capable of being rescinded by the Secretary of State unless such authority is granted therefor.

No provision is made in this article or elsewhere for the Secretary of State to review an administrative forfeiture of corporate charter. You have stated that your department has construed the lack of express authority in the statute to permit the Secretary of State to review his action, as precluding any reconsideration or review by the Secretary of State once he has acted in compliance with Article 7096 and has forfeited the charter of a corporation. In this construction, we concur.

The general rule is that administrative departments and agencies have only such power and authority as is conferred upon them in clear and unmistakable terms by the Legislature. Commercial Standard Insurance Company v. Board of Insurance Commissioners, 34 S.W.2d 343, (Tex.Civ.App. 1931, writ ref.); Teacher Retirement System, et al, v. Duckworth, 260 S.W.2d 632, opinion adopted by the Supreme Court in 264 S.W.2d 98 (1954). For an exception to this rule, not applicable here, see Southwestern Savings & Loan Ass'n. of Houston v. J. M. Falkner, 331 S.W. 2d 917 (1960).

Therefore, it is our opinion that the forfeiture of a corporate charter in compliance with Article 7096, V.C.S., is a final act and cannot be rescinded by the Secretary of State.

It follows that the corporation Southwestern Wire & Cable Company ceased to exist and thereafter, its name was available. Article 2.06b, Texas Business Corporation Act. A certificate of reservation for this name issued by the Secretary of State in com-

pliance with the law would be valid, and, therefore, the Secretary of State is without power to refuse to approve the tendered articles of incorporation of Southwestern Wire & Cable Company, if such articles meet all of the requirements.

Questions concerning the equitive between the parties, including estoppel and constructive trust, are not administrative but judicial and, consequently, the Secretary of State has no jurisdiction to determine them.

## SUMMARY

After the administrative forfeiture of corporate charter pursuant to Article 7096, V.C.S., defunct corporation's name became available; and a certificate of name reservation issued by the Secretary of State in compliance with Article 2.06B of the Texas Business Corporation Act is valid. Thereafter, the Secretary of State is without authority to refuse to approve tendered articles of incorporation under said reserved name if such articles meet other requirements because the Secretary of State cannot rescind a final administrative forfeiture accomplished pursuant to the provisions of Article 7096, V.C.S.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Richard A. Wells

Richard A. Wells
Assistant

RAW/pe

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
Wallace P. Finfrock
John Reeves
Marietta Payne
Marvin Sentelle

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Leonard Passmore