[Civ. No. 3458. Second Appellate District, Division Two.—May 27, 1921.]

## WILLIAM F. DEAN, Respondent, v. E. P. CLARKE et al., etc., Appellants.

[1] SCHOOL LAW—RETIREMENT SALARY ACT—ELIGIBILITY OF TEACHERS—CONFLICTING RULE OF BOARD OF EDUCATION.—A rule of the state board of education relative to eligibility of teachers under the Public School Teachers' Retirement Salary Act (Stats. 1913, p. 1423) which is in conflict with such act is of no effect.

[2] ID.—SERVICE AT TIME OF ENACTMENT—CONSTRUCTION OF ACT.—In view of section 18 of the public school teachers' retirement salary law, it is not required that a teacher shall have been a member of the teaching force of this state at the time the act went into effect to be entitled to the benefits thereunder.

[3] ID.—EXTENT OF SERVICE—LAST TEN YEARS PRECEDING RETIREMENT—CONSTRUCTION OF ACT.—Under section 13 of the public school teachers' retirement salary law, which provides · that a teacher who shall have served as such for at least thirty years, at least fifteen of which shall have been in the public schools of this state, including the last ten years of service immediately preceding retirement, shall be entitled to retire, all that is required is that the teacher shall have taught for thirty years as a public school teacher, that for fifteen of these years he must have been employed in the public schools of this state, and that of these fifteen years ten must be the last ten years which he taught immediately prior to retirement, and if the last ten years which he taught were all spent in California, it is not to his prejudice that intervals of one or more school years may have elapsed between some of these ten years.

APPEAL from a judgment of the Superior Court of Tulare County. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and Frank English, Deputy Attorney-General, for Appellants.

Middlecoff, Scott & Ham for Respondent.

CRAIG, J.—This is an appeal from a judgment awarding plaintiff a peremptory writ of mandate on a petition therefor filed by him in the superior court of the state of Cali-

fornia, in and for the county of Tulare, against appellants as members of the state board of education and the public school teachers' retirement fund board. The court was asked to direct the board to grant the application of the petitioner to be retired upon a retirement salary of $500 per annum, under the provision of section 13 of the Retirement Salary Act (Stats. 1913, p. 1423), approved June 16, 1913. The appellants demurred to the petition and the demurrer was overruled. Appellants refused to answer and judgment was rendered in favor of the petitioner and a writ of mandate issued as prayed for with certain differences which it will be unnecessary to mention. For the purpose of this proceeding the facts alleged in the petition will be accepted as true. Those material to the issue involved are as follows: The petitioner, since the first day of July, 1878, has been and still is the holder of certificates and diplomas entitling him to teach in the primary grades of the public schools of this state. For thirty years prior to and including the thirtieth day of June, 1909, as well as during the school year of 1919, petitioner served as a legally qualified teacher in the public schools of this state. When the Teachers' Retirement Salary Act became effective in 1913 he was the holder of a life diploma to teach in this state; he signed and delivered to the superintendent of public schools of the county of Tulare a notification that he agreed to be bound by and avail himself of the benefits of the said act as provided by section 17 thereof. In 1920, after his last year's service as a teacher, he filed with the state board of education his application to be retired on the annual salary of $500. The board denied his application. During the year of 1920, the sum of one dollar for each month was deducted from petitioner's salary by the school officials of Fresno County as required by section 5 of the Retirement Salary Act. Petitioner filed with his application for a retirement salary an offer to pay into the appropriate fund the difference between six dollars so paid in the county of Fresno and the sum of $360.

[1] The state board of education of California had, prior to the filing of the petition, adopted the following rule: "The service of a teacher who was out of the profession at the time the Public School Teachers' Retirement Salary Law was passed, and who returned to teaching on or after

April 8, 1918, (at which time this ruling was made), will not be considered unless such services has been full-time teaching and has been rendered under valid contract for four full school years in the district or districts where employed and at a salary not less than the usual salary of other regularly employed full-time teachers of the county or city and county.'' However, this rule is of no effect if it conflicts with an act of the legislature.

[2] It is first contended by appellants that petitioner is not entitled to relief because he was not a member of the teaching force of this state at the time the act went into effect. Section 18 of this act provides: ''This act shall be binding upon all teachers elected or appointed to teach in the public schools of this state after the approval of this act, who, not being in the service of the public schools at the time of the approval of said act, were not competent to sign or deliver the notification specified in section seventeen.'' In view of this provision it cannot be said that only those who are members of the teaching force in California when the act in question went into effect are entitled to claim benefits thereunder.

[3] A more difficult question is presented by appellants' second contention, which is that only those teachers are within the scope of the act who have taught for ten years *continuously* and immediately prior to the filing of the application for retirement. Section 13 is the one dealing directly with the problem to be decided. It reads: ''Every public school teacher who shall have complied with all the requirements of this act, and who shall have served as a legally qualified teacher in public day or evening schools, or partly as such teacher and partly as superintendent or supervising executive or educational administrator, for at least thirty school years, at least fifteen of which shall have been in the public schools of this state, including the last ten years of service immediately preceding retirement, under a legal certificate shall be entitled to retire.'' The phrase whose meaning is determinative of the question under consideration is: ''including the last ten years of service immediately preceding retirement.'' It is claimed by appellants that this provision is intended to be construed with the phrase, ''for at least thirty school years.'' Respondent insists that the phrase first quoted relates to the one

immediately preceding it, which is as follows: "the last fifteen of which shall have been in the public schools of this state." Unless we read into the section language conveying the idea that the "ten years of service" must be successive years, the phrase cannot mean what the appellant contends. Taken literally, as he would have us read it, we have this provision: "the applicant must have served as a legally qualified teacher," "for at least thirty school years," "including the last ten years of service immediately preceding retirement, etc.," "at least fifteen years of which shall have been in the public schools of this state." It is plain that to even thus rearrange these phrases, the provision still, according to its exact wording, contains no requirement that the ten years of service must have been continuous. No reason or authority appears for rearranging the language of the law; on the contrary, as we shall point out, such a change would be opposed to the very purpose for which appellants contend, and we think, rightly, that this particular provision was enacted. The reference to "ten years of service" merely designates the number of "years of service." There is nothing in the language of section 13 to indicate that the legislature meant that these ten years of service must follow each other without any interrupting period of school years in which the petitioner did not teach.

It is claimed that the word "immediately" indicates that the ten years of service must have been continuous. "Immediately" imports "without any interval." (Century Dictionary; Howell v. Gaddis, 31 N. J. L. 313.) Hence we must conclude that the legislature intended that there must be no interval between the teacher's retirement and the last of his ten years of service. That is to say, there must have been no interval of teaching elsewhere than in the state of California between the ten years of service and the retirement.

The only other reason suggested by appellants to justify a judicial construction which would insert the word "continuous" into the phrase in question is that the clear purpose of the provision is to prevent a teacher who may have taught as much as fifteen years in California, then having gone to another state and having taught fifteen years there, returning to California for the mere purpose of securing the

advantages of the act. But this purpose would be accomplished no less fully by reading the section literally as by the insertion of the word "continuous." If we hold that the "ten years of service" is to be a part of the period of fifteen years which is required to have been spent in the public schools of this state and that this refers to the "last ten years of service" of that period, the law would effectively carry out the avowed purpose, because it would then provide that these last ten years of service of the fifteen years of teaching in this state must immediately precede retirement. Without the word "continuous" or some other word indicating successiveness, appellants' contention cannot be upheld.

But it must be remembered that in addition to the reason above assigned for the insertion of the phrase in question, another and the principal object of exacting fifteen years of service in this state was to insure that the public would receive a just return for · the benefit given the teacher. In regulating this matter, one year of service was adopted as the standard. It was then required that fifteen such years of service must have been rendered to the public of the state of California through teaching in its public schools and that ten of such years of service must have been the last ten years of teaching next before retirement.

Teachers often wish to take further work as students in some educational institution. For this purpose they may, for a period of one or more school years, not be actively engaged as teachers in our public schools. To adopt the construction of the law suggested by appellants would penalize any such attempt at self-improvement upon the part of a teacher otherwise entitled to claim the benefits of the Retirement Salary Act, and who would be classified under section 18 thereof. Again, it might easily happen that one who had devoted almost all of his life to teaching; who had engaged in that work for twenty-nine years, of which the last nine had been spent in the schools of California and which had been successive years, might then, for a period of one year, have been unable to find employment as a teacher in the public schools of this state. If we adopt the construction of the law urged by appellants, such a teacher would be deprived of the benefit of this act. It

will be conceded that the plain reason for enacting a law of this character is to secure better public service by encouraging the employees of the public through hope and assurance of a subsistence when age has rendered them unable to earn a living for themselves, to make teaching a life work and give it their undivided attention. This object must necessarily be almost entirely defeated if the teacher were to realize that through inability to secure employment in his latter years of teaching he might lose all claim to this reward.

As we construe the law, all that is required of petitioner is that he shall have taught for thirty years as a public school teacher; that for fifteen of these years he must have been employed in the public schools of the state of California, and that of these fifteen years of service ten must be the last ten years which he taught immediately prior to retirement. If the last ten years which he taught were all spent in California it is not to his prejudice that intervals of one or more school years may have elapsed between some of these ten years.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.