TEACHER RETIREMENT SYSTEM OF TEXAS ET AL V.
ELVA DUCKWORTH, INDIVIDUALLY AND AS INDEPENDENT
EXECUTRIX OF THE ESTATE OF W. W. LACKEY, DECEASED

No. A-4365. Decided January 27, 1954.
Rehearing overruled February 24, 1954.
(264 S.W. 2d Series 98)

142

*John Ben Shepperd,* Attorney General, *Billy E. Lee,* Assistant Attorney General, for petitioner.

The judgments of the courts below should be reversed since the Common law in effect in Texas does not authorize an apportionment of an annuity when the beneficiary dies before the day for payment, and the teacher retirement act does not abrogate the common law rule; and since the Board of Trustees has the authority under the advice of its actuary to adopt the rule and regulation in administering the funds of the act that a beneficiary shall receive his last payment of benefits on the last day of the month preceding his death, said judgments should be reversed. Great South Life Ins. Co. v. City of Austin, 112 Texas 1, 243 S.W. 778; Gulf Land Co. v. Atlantic Refining Co., 134 Texas 59, 131 S.W. 2d 73; Tolleson v. Rogan, 96 Texas 432, 73 S.W. 520.

*H. C. Ray,* of Fort Worth, for respondent.

The common law rule against apportionment of annuuities is subject to three exceptions, which are: 1. Where the annuity is for the support and maintenance of the annuitant, 2. Where the annuity arises from a fund the income from which accrues from day to day, and 3. where the beneficiary has paid a valuable consideration for the annuity. 2 Am. Jur., p. 832; New York Life Ins. Co. v. Sullivan, 191 Okla. 236, 129 Pac. 2d 71; Board of Ins. Comrs. v. Guardian Life Ins. Co. 142 Texas 630, 180 S.W. 2d 906.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

We adopt the opinion of the Court of Civil Appeals in this case as reported in 260 S.W. 2d 632 as the opinion of this Court.

Judgments of the Court of Civil Appeals and of the trial court are hereby in all things affirmed.

Associate Justices Garwood and Culver dissenting.

Opinion delivered January 27, 1954.

Rehearing overruled February 24, 1954.

PER CURIAM.

The appellee, Elva Duckworth, individually and as independent executrix of the estate of W. W. Lackey, deceased, recovered

144

judgment against the Teacher Retirement System of Texas and the State Board of Trustees of said System in their official capacity.

The appellants appealed and appellee has filed a motion to dismiss said appeal, on the ground that appellants filed no appeal bond.

■ It is our opinion that the Teacher Retirement System of Texas is, under Art. 3, § 48a of the Vernon's Ann. State Constitution, and Art. 2922-1, R.C.S., Vernon's Ann. Civ. St. creating and governing said System, a State Department or State Board and the State Board of Trustees is the head of a State Department. Therefore, Rule 354, T.R.C.P., is not applicable and the appellants were entitled to appeal under the provisions of Articles 2276, 2072, and 279a, R.C.S.

The motion to dismiss is overruled.

ON THE MERITS

JUSTICE BOYD.

W. W. Lackey, a retired school teacher, elected to receive his retirement allowance under Art. 2922-1, § 5, subd. 7, R.C.S., Vernon's Ann. Civ. St., known as the Teacher Retirement Act, which provides that any member may "* * * elect to receive his membership annuity in an annuity payable throughout life, * * *." He died June 28, 1952, and the last annuity payment made to him was for the month of May.

In this suit appellee Elva Duckworth, for herself as sole beneficiary under the will of W. W. Lackey and as independent executrix of his estate, seeks to recover from the Teacher Retirement System and the State Board of Trustees benefits which she contends accrued under the Act for the first twenty-eight days of June. The cause was submitted to the trial court upon an agreed stipulation of facts, and judgment was for appellee. The Teacher Retirement System and the Board appeal.

Section 1, subd. 18, of said article provides that "membership annuity" shall mean payments for life actuarially determined and derived from reserve funds contributed by a member and an equal amount of reserve funds contributed by the State, and that all membership annuities shall be payable in equal monthly installments. It is provided in section 6, subd. 7, that

"Subject to the limitations of this Act, the State Board of Trustees shall, from time to time, establish rules and regulations for eligibility of membership and for the administration of the funds created by this Act and for the transaction of its business." The Board adopted a regulation to the effect that the last monthly payment shall be due on the last day of the month next preceding the month in which the beneficiary dies.

Appellants' position is that under the common law doctrine, which they contend prevails in Texas, such annuities are not apportionable in respect of time; and that in any event the above mentioned regulation is a bar to any recovery by appellee. The point appears not to have been decided by any court in this State.

Art. 1, R.C.S., Vernon's Ann. Civ. St., provides: "The common law of England, so far as it is not inconsistent with the Constitution and laws of this State, shall together with such Constitution and laws, be the rule of decision, and shall continue in force until altered or repealed by the Legislature."

■ There seems to be no question but that under the common law of England annuities were generally not apportioned in respect of time. It therefore resulted from the general rule that if the annuitant died before the date of payment his representative could not recover the proportionate part of the annuity for the current year. Henry v. Henderson, 81 Miss. 743, 33 So. 960, 63 L.R.A. 616; Kearney v. Cruikshank, 117 N.Y. 95, 22 N.E. 580; Vander Horst v. Kittredge, 229 App. Div. 126, 241 N.Y.S. 302; Frazer v. First Nat. Bank of Mobile, 235 Ala. 252, 178 So. 441, 126 A.L.R. 1; 2 Perry on Trusts and Trustees, p. 953; 3 C.J.S., Annuities, § 6, page 1383; In re Jenkins' Estate, 199 Wis. 131, 225 N.W. 733; Nehls v. Sauer, 119 Iowa 440, 93 N.W. 346. The reason underlying the rigid common-law rule seems to be that it proceeded upon the interpretation of contracts and because annuities are not like interest which accrues from day to day, but like dividends which do not accrue at all but are declared at the pleasure of the board of managers. They were considered as fixed sums payable on stated days, and until those days arrived there was nothing rendered and nothing due. The annuity was held to be not apportionable since from its nature and character it was not accruing from day to day. Henry v. Henderson, supra.

It will be seen, however, that some well-defined exceptions have been engrafted on the common law rule. Apportionment has

been allowed where the annuity was given by a parent to an infant child, or by a husband to a wife living apart from him. Brownstein v. New York Life Ins. Co., 158 Md. 51, 148 A. 273, 274. In that case it was said: " '* * * the inequity and arbi-trariness of the general rule has been so generally conceded that modern legislation and judicial decisions have steadily tended to narrow the rule and enlarge the exceptions * * *; so that it may be safely stated that the trend of judicial opinion is now in favor of applying the principle of apportionment to any case where the annuity is made for the purpose of maintenance and sup-port.' " 3 C.J., p. 217, note 57, quotes from Gheen v. Osborn, 17 Serg. & R. 171, 173, as follows: "It has been settled in this country, that an annuity for the support of daughters is appor-tioned and is to be paid up to the death of the daughter, or to the period when the annuity is to cease. So also, an annuity to a wife for her separate maintenance has been apportioned, and decreed, that the fraction occurring between the last day of pay-ment and her death, is to be paid." See also Seattle-First Nat. Bank v. Brott, 15 Wash. 2d 177, 130 P. 2d 363. It has been held that interest on money loans was apportionable. Wilson's Appeal, 56 Am. Rep. 214.

In Kieran v. Hunter College Retirement Board, 255 App. Div. 378, 7 N.Y.S. 2d 612, 613, the question presented to the court was whether payment should be made for the fractional part of the month in which the beneficiary, a teacher, died. The New York teacher's retirement statute is similar to ours. It pro-vided that payments should be made in equal monthly install-ments, and the beneficiary had exercised his option to accept his retirement benefits in a retirement allowance throughout life. The court said: "The defendants urge, first, that an apportion-ment is prohibited by Section G41—49.0 of the Administrative Code. This section provides that a retirement allowance 'shall be paid in equal monthly installments, * * *.' We find nothing in this section of the code which prohibits the apportionment of the unpaid part of a pension. The fixing of a date for regular pay-ments is obviously done for administrative convenience. * * *"

There is another exception to the common-law rule against apportionment of annuities with stronger reasons for its support. That is where the annuity is paid from a fund which has been largely or partly contributed by the beneficiary. That is so under the teacher retirement system in Texas. "* * * A retirement pension is in the nature of pay withheld to induce continued faithful service. * * * Under the Retirement System the nature of the pension takes the cause out of the normal common law

annuity rule. Death is no obstacle to the collection of an unpaid balance of a decedent's compensation for work already performed. * * *." Kieran v. Hunter College Retirement Board, supra. In 78 C.J.S., Schools and School Districts, § 231, sub. h, page 1183, we find the following in the text: *"Apportionment.* On the death of a teacher receiving a pension or retirement allowance the installment for the month in which he died may be apportioned and paid to his estate."

We believe that since the deceased was entitled to receive his allowance in an annuity payable throughout life, and since he contributed to the fund from which it was to be paid, and since the entire allowance was for services previously rendered, we believe the case comes within the exceptions to the common-law rule against apportionment.

■ Even if it can be said that the regulation adopted by the Board making the last payment due on the last day of the month next preceding the month in which the beneficiary dies has the effect of canceling the exceptions to the common-law rule against apportionment which would otherwise be applicable to this case, we are inclined to agree with appellee that the judgment must still be sustained because, as contended by her, the Board was without power to adopt and enforce the regulation. It has been held in this State that the Board of Insurance Commissioners can exercise only the authority conferred upon it by law "* * * 'in clear and unmistakable terms, and will not be deemed to be given by implication, nor can it be extended by inference, but must be strictly construed.' * * *" Commercial Standard Ins. Co. v. Board of Insurance Commissioners of Texas, Tex. Civ. App., 34 S.W. 2d 343, 345, writ refused. And in like manner has the power of the Railroad Commission of Texas been construed. Railroad Commission v. Fort Worth & D. C. Ry. Co., Texas Civ. App., 161 S.W. 2d 560, refused, w. m. See also Corzelius v. Railroad Commission, Texas Civ. App., 182 S.W. 2d 412; Annear v. McKelvey, 100 Colo. 213, 66 P. 2d 536; Kaplan v. McGoldrick, 198 Misc. 440, 100 N.Y.S. 2d 45; Epley v. Commissioner of Internal Revenue, 5 Cir., 183 F. 2d 1020; Railroad Commission of Texas v. Red Arrow Freight Lines, Inc., Texas Civ. App., 96 S.W. 2d 735, writ refused; Interstate Commerce Commission v. Cincinnati, N. O. & T. P. Ry. Co., 167 U.S. 479, 17 S. Ct. 896, 42 L.Ed. 243.

Under various statutes, retirement or pension boards are vested with broad administrative powers to be exercised in accordance with a sound discretion and with a view to effectuating the purposes of the retirement act, and they have the right

to make rules and regulations, but the rules and regulations are ineffective of they are in conflict with the statute. 78 C.J.S., Schools and School Districts, § 232, page 1184; 56 C.J., p. 431, sec. 397; Charters v. Board of Trustees of Seattle Teachers' Retirement Fund, 192 Wash. 261, 73 P. 2d 508; Dean v. Clarke, 53 Cal. App. 30, 199 P. 857; O'Brien v. New York State Teachers' Retirement Board, 215 App. Div. 220, 213 N.Y.S. 738. "* * * the statute, not the board, fixes the limits of, and the limitations upon, the rights of those claiming the benefits provided by the statute. * * *" State ex rel. Murphy v. Board of Trustees of Teachers' Ins. & Retirement Fund, 168 Wis. 238, 169 N.W. 562, 564. In City of Dallas v. Hoskins, Texas Civ. App., 193 S.W. 2d 533, writ refused, n. r. e., it was said that pension rights of a fireman were fixed by the statute, and being contractual and not a gift, grant or gratuity, could not be disturbed or diminished by the Board of Trustees.

■ Moreover, the principal purpose of our teacher retirement statute is to provide support for teachers after their teaching days are over, and courts should give such a statute a liberal construction in order to effectuate the purpose intended. Woods v. Reilly, 147 Texas 586, 218 S.W. 2d 437; 78 C.J.S., Schools and School Districts, § 231, subs. c and d, page 1175. And since the State's contribution to the fund is not strictly a gratuity or a donation, but to a large extent is salary withheld for services already performed, there is more reason why a narrow construction would be unwarranted. Woods v. Reilly, supra.

We conclude that the enforcement of the regulation adopted by the Board would change the substantive rights of the beneficiary in a manner and to an extent that may be accomplished only by a legislative act.

■ Appellants say that the regulation has been unchallenged for a long period of time, and the Board's interpretation of the statute is persuasive. It is true that the construction of a law by those whose duty it is to apply and execute it, especially when it has prevailed for a long time, is entitled to great weight. But it is not controlling. State v. Texas Mut. Life Ins. Co., Texas Civ. App., 51 S.W. 2d 405. This rule does not apply where the meaning of the statute is plain and unambiguous. McCallum v. Associated Retail Credit Men of Austin, Texas Com. App., 41 S.W. 2d 45. We do not think the Act under consideration is of doubtful construction or application. A rule of an administrative agency is void if it conflicts with the statutes, regardless of how long standing such rule may be. Railroad Commission of Texas

v. Red Arrow Freight Lines, Inc., supra; Ott v. Industrial Commission, 83 Ohio App. 13, 82 N.E. 2d 137; State ex rel. Sprinfield Warehouse & Transfer Co. v. Public Service Commission, 240 Mo. App. 1147, 225 S.W. 2d 792.

Believing that the trial court correctly disposed of the case, its judgment is affirmed.