

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

July 16, 1974

The Honorable Frank M. Jackson
Executive Secretary
Teacher Retirement System of Texas
314 W. 11th St. 3d Floor
Austin, Texas 78701

Opinion No. H- 348

Re: Circumstances in which a
teacher who previously has
forfeited credits accumulated
under Teacher Retirement System
may later reinstate them.

Dear Mr. Jackson:

On behalf of the Teacher Retirement System of Texas, you have
asked two questions concerning the construction of Art. 3. 25 (b) of the
Education Code, V. T. C. S.:

> 1. May a person reinstate forfeited credit in the
> Teacher Retirement System by depositing the
> amounts specified in Section 3. 25 (b) of the
> Texas Education Code if his only credit for
> <u>subsequent</u> service meeting the statutory re-
> quirement of "five subsequent consecutive
> creditable years or seven subsequent creditable
> years within any ten-year period" has also been
> forfeited?

> 2. If such reinstatement is permitted, would the fact
> that the member's deposits for that subsequent
> forfeited service (a) were withdrawn or (b) es-
> cheated to the state under the provisions of Section
> 3. 52 (d) of the Texas Education Code prevent the
> applicant's reliance upon it to satisfy the require-
> ments of Section 3. 25 (b)?

These questions arise from the following situation. A presently employed teacher rendered creditable service for six consecutive years beginning in 1943, but terminated her membership by withdrawing her deposits while absent from service. As presently provided by Art. 3.04(d), Education Code, V.T.C.S., her termination of membership caused a forfeiture of accumulated credits. She returned to teaching in 1952 and rendered eight consecutive years of creditable service; however, she forfeited her credits for this period because her membership was terminated due to absence from service. Her deposits for this period were never withdrawn from the System. In 1972 she again returned to service in the public schools of Texas, and is presently attempting to reinstate the forfeited credits accumulated during her first term of employment (1943-1949) on the basis of five consecutive years of subsequent service during her second term of employment (1952-1960).

Article 3.25(b), Education Code, V.T.C.S. provides that:

> Any person who terminates or has ter-
> minated membership in the retirement sys-
> tem by withdrawal of deposits or by absence
> from service shall have the privilege of
> reinstating such terminated membership by
> rendering service for five subsequent con-
> secutive creditable years and depositing the
> amount withdrawn plus membership fees for
> the years during which membership was ter-
> minated plus a reinstatement fee of two and
> one-half percent per annum from the date of
> withdrawal to date of redeposit. The rein-
> statement fee shall be credited to the state
> contribution account.

The statute does not expressly require that in order to reinstate forfeited credits on the basis of subsequent service the credits for that subsequent service must be unforfeited, and we have found no case dealing with this precise issue.

The privilege of reinstating previously terminated membership and the consequent reinstatement of credits for the years of such membership is granted to "any person," Art. 3.25 (b), while other provisions of the Teacher Retirement System grant rights and privileges to "members," e.g., Arts. 3.24, 3.26, 3.31, Education Code, V.T.C.S. This disparity in language indicates that the privilege of reinstatement may be exercised by one who is not presently a member, such as one who has forfeited membership under Art. 3.04.

Art. 3.25 (b) also fails to provide a time limit following the rendering of the required subsequent service during which the privilege is to be exercised. Under the Judiciary Retirement Act, Art. 6228b, V.T.C.S., the lack of a specified time limit within which application for a refund must be made has been construed to allow an unlimited delay prior to such application. Attorney General Opinion S-120 (1954). Concerning this same Teacher Retirement System, this office has reflected conditions promulgated by the Board of Trustees, which were not expressed in the statute which allows purchase of out of state credits, Art. 3.26, Education Code, V.T.C.S. Attorney General Opinion M-194 (1968). In that opinion it was stated that "[t]he Board has no authority to add requirements not set out in the statutes."

Generally, the rule of construction for statutes conferring benefits upon public employees is: "[A]n act that is susceptible of more than one construction will be so interpreted as to secure the benefits intended. . . " 53 Tex. Jur. 2d 224, 225, Statutes §157 (1964).

Such pro-beneficiary construction is compelled by the state's public policy as expressed by the courts. The purpose of the Teacher Retirement System is:

> . . . to provide security and create an incentive to encourage qualified persons to become and remain teachers in the Public Schools of Texas . . . . the Act should be liberally construed in order to effectuate the whole purpose of the plan.

Woods v. Reilly, 218 S. W. 2d 437, 442 (Tex. 1949).

This policy has been reiterated and applied to strike down a Board of Trustees construction which diminished a teacher's retirement benefits in Teacher Retirement System et al v. Duckworth, 260 S. W. 2d 632 (Tex. Civ. App. - Fort Worth 1953) opinion adopted, 264 S. W. 2d 98 (Tex. 1954).

In light of both the statutory language and the strong public policy involved, it is our opinion that under Art. 3. 25 (b) a teacher may elect to reinstate previously forfeited credits at any time after he has rendered the required subsequent service, notwithstanding the forfeiture of credit for that subsequent service.

Your second question deals with the effect of the withdrawal of the deposits for the subsequent service or their escheat to the state.

Under Art. 3.04, the withdrawal of deposits is a manner of forfeiture parallel to absence from service. Since it is our opinion that in order to reinstate membership and credits Art. 3. 25 (b) requires only subsequent service for the period provided, neither the manner in which credit for the subsequent service is forfeited, nor whether the deposits from this subsequent service have escheated to the state, is of consequence. Otherwise the state's public policy would be contravened by the imposition of conditions upon teachers' rights under the Teacher Retirement System when such conditions are unexpressed by the statutes.

## SUMMARY

Statutes conferring retirement benefits on public employees are to be liberally construed so as to secure the benefits intended. Consequently, forfeited membership and credits in the Teacher Retirement System of Texas may be reinstated at any time following the rendering of the required subsequent service, Art. 3. 25(b),

regardless of the state of the membership and credits which were accumulated during this subsequent service.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg