

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 18, 1975

The Honorable A. G. McNeese, Jr.          Opinion No. H- 532
Chairman, Board of Regents
University of Texas System                Re: Construction of optional
P. O. Box 2629                            retirement program under
Houston, Texas 77001                      Chapter 51, Education Code.

Dear Mr. McNeese:

You have requested our opinion concerning certain aspects of the
Optional Retirement Program (ORP) established in subchapter G of
chapter 51, Texas Education Code. Since its origin in 1967, the ORP
has provided faculty members of public institutions of higher education
an alternative to the Teacher Retirement System. Attorney General
Opinion H-371 (1974); Educ. Code, sec. 3.02. See Educ. Code, sec.
51.356. In light of the 1973 amendments to subchapter G, you have
asked several questions which may be stated as follows:

> (1) Are ORP contracts prohibited from containing
> provisions for cash surrenders and contract loans
> while the faculty participant remains an employee
> of a public institution of higher education?
>
> (2) If so, is the prohibition limited to state con-
> tributed monies and the values attributable thereto?
>
> (3) How would this prohibition affect the transfer
> of a participant from one subject institution to
> another or from one ORP to another?
>
> (4) Is this prohibition consistent with the Federal
> Investment Company Act of 1940?
>
> (5) Is this prohibition violative of the federal or
> Texas Constitutions?

In 1973, section 51.352(6) of the Education Code, which originally defined the ORP as " . . . the program under this subchapter to provide fixed or variable retirement annuities, including retirement unit annuity certificates of participation for faculty members," was amended to provide:

> 'Optional Retirement Program' means the program under this Subchapter to provide fixed or variable retirement annuities which meet the requirement of Section 403(b), and 401(g) of the Internal Revenue Code of 1954, as amended, <u>and the benefits of such annuities are to be available only upon termination of employment in the Texas public institutions of higher education, retirement, death or total disability of the participating faculty member.</u>
> (Emphasis added)

In addition, section 51.358 was added, Acts 1973, 63rd Leg., ch. 521, p. 1368, which provides in pertinent part:

> Participation in the Optional Retirement Program shall terminate and the benefits of such annuities will be available only if the participant
>
> (1) Dies;
> (2) Terminates his employment due to total disability;
> (3) Accepts retirement;
> (4) Terminates employment in the Texas public institutions of higher education. . . . Transfers between such institutions mentioned in this section and changes in carriers shall not constitute termination of employment. An institution of higher education shall accept the transfer of any participant's Optional Retirement Program.
>
> Nothing herein shall be construed to preclude the election by a participant to withdraw from the retirement system his accumulated contributions under the provisions of Section 51.356 of this code.

This Act constitutes an express limitation on the availability of the benefits of ORP annuities; they are unavailable so long as the faculty participant remains an employee in a public institution of higher education. The last portion of the Act applies only to contributions in the "retirement system," which is defined in section 51.352(2) as the Teachers Retirement System of Texas. It does not modify the prohibition applied to an ORP. The Act makes no exception for participant contributions, rather, it is applicable to all "benefits" under an ORP regardless of their source. In addition, the Act provides for "transfers between . . . institutions," specifying that the benefits remain unavailable in the event of such a transfer, while requiring that the institution to which he transfers "shall accept the transfer of any participants' Option Retirement Program." In the alternative, since benefits under an ORP vest in one year, [Educ. Code, sec. 51.353(a), Attorney General Opinion M-196(1968)], a participant may transfer programs and receive benefits from both when they become available under the Act. Accordingly, it is our opinion that (1) section 51.358, as of its effective date, June 14, 1973, prohibited cash surrenders and contract loans prior to termination of employment in the public institutions of higher education, (2) section 51.358 is applicable to benefits accruing from all contributions regardless of their source; and (3) a faculty participant may not receive the benefits of an ORP upon his transfer to another subject institution.

It is also our opinion that section 51.358 merely clarified through express provisions the existing law concerning the Optional Retirement System (ORS). Section 51.351 establishes the purpose of the ORS as providing:

> . . . full and complete retirement benefits to teachers and administrators who have given faithful service to state-supported institutions of higher education. (Emphasis added)

See also, Woods v. Reilly, 218 S. W. 2d 437 (Tex. Sup. 1949). Benefits under the Teacher Retirement System are not available until termination of service, [Educ. Code, sec. 3.31 et seq.], and in creating the ORS the Legislature expressed no intention to provide differently for an ORP. Indeed, contractual retirement system annuities are to be regarded as

"pay withheld to induce continued faithful service." Teacher Retirement
System v. Duckworth, 260 S. W. 2d 632 (Tex. Civ. App. --Ft. Worth
1953), opinion adopted, 264 S. W. 2d 98 (Tex. Sup. 1954).

In addition, cash surrender or loan provisions adversely affect
the purchase price of annuities, have federal tax consequences incompatible
with sound retirement programs, [Commissioner of Internal Revenue v.
Edwards, 135 F. 2d 574 (7th Cir. 1943); I. R. S. Rev. Rul. 67-258 (1967)],
and are inconsistent with the purpose underlying retirement systems,
which is to provide security upon retirement. Woods v. Reilly, supra.

Consequently, it is our opinion that the prohibitions of section
51. 358 were impliedly in effect upon the establishment of the ORS. Not-
withstanding any practice which may have developed or language which may
be contained in existing contracts, a participant in the ORS has never had
the right to surrender his annuity contract for cash or to receive a loan
of all or any part of the accumulated contributions during the time he
remained an employee of a public institution of higher education, for
statutory provisions are a part of each contract executed in contempla-
tion thereof, and the entire contract is to be construed in reference thereto.
13 Tex. Jur. 2d, Contracts, §165, p. 352. Nor has an institution of higher
education ever been authorized to approve or establish such a program,
for public officers may make only such contracts for the government as
are authorized by law. Fort Worth Cavalry Club v. Sheppard, 83 S. W. 2d
660 (Tex. Sup. 1935). While participants' rights under an ORP vest in one
year, these rights are to receive future benefits upon termination of
employment by a public institution of higher education. There is no right
to those future benefits prior to termination. See 12 Tex. Jur. 2d,
Constitutional Law, §116, p. 463; 45 Tex. Jur. 2d, Pensions, §5, p. 24.

Your fourth question concerns the interaction of the prohibition
with the federal Investment Company Act of 1940, 15 U. S. C. §80a-1, et
seq., which requires that "periodic payment plan certificates" issued by
investment companies registered thereunder be redeemable and provide
the holders thereof a right to surrender them for account value within a
certain time. See, 15 U. S. C. A. sec. 80a-27(c)(d). Variable annuity
contracts have been held subject to that provision. S. E. C. v. Variable
Annuity Life Insurance Co., 359 U. S. 65 (1959). They are considered

by the Securities Exchange Commission to be periodic payment plan certificates. Adoption of Variable Annuity Rules, [1969-1970 Transfer Binder] CCH Sec. L. Rep., para. 77, 727 (SEC 1969). See Annot., 18 L.Ed. 2d 1557 (1968).

There is no conflict between the Investment Company Act and the Texas ORS statutes. The Texas statutes do not purport to regulate variable annuity contracts, but merely limit the types of contracts which are eligible for use in an ORP. If registered investment companies are unable to secure an exemption from the Securities Exchange Commission for contracts to be used in an ORP, 15 U.S.C. 80a-6, then these companies' variable annuity contracts are not eligible for use in an ORP.

Your final question concerns the constitutionality of section 51.358 and its subject prohibition. In our opinion, the prohibition violates neither the federal nor the state constitutions. Rights under a retirement system are "subordinate to the right of the Legislature to entirely abolish a pension system or diminish or change the accrued benefits thereunder." Woods v. Reilly, supra. In addition, there is no violation of article 1, section 10 of the United States Constitution or of article 1, section 16 of the Texas Constitution, which prohibit the impairment of contractual obligations, for there can be no impairment of invalid agreements. Sequestration Cases, 30 Tex. 689 (1868); Taylor v. Thomas, 22 L. Ed. 789 (U.S. 1875). The prohibited terms were never a valid part of any contract under the ORS, and therefore there are no contractual obligations involved.

## SUMMARY

Section 51.358 of the Education Code prohibits cash surrender, contract loans, or any other provisions of an Optional Retirement Program contract which provide for the availability of benefits prior to a participant's termination as an employee in the public institutions of higher learning of Texas. This prohibition applies to all accrued benefits regardless of their source. These benefits do not

become available upon a participant's transfer from one subject institution to another.

Section 51.358 merely made express that law which was previously implied within the Optional Retirement System statutes. Section 51.358 does not conflict with the federal Investment Company Act of 1940.

Section 51.358 and its prohibition are constitutional.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg