Honorable E. J. Voorhis Acting Director State Board of Insurance 1110 San Jacinto Austin, Texas 78786
Re: Change of optional retirement program contracts or carriers.
Dear Mr. Voorhis:
Your office has asked if sections 51.352(6) and 57.358 of the Texas Education Code prevent optional retirement program (hereafter ORP) participants from using benefits accrued under an ORP contract to fund a different ORP contract offered by the same carrier or by a different one.
It is the responsibility of the governing body of each Texas institution of higher education to administer an optional retirement program and to provide for the purchase of annuity contracts from a variety of qualified carriers. Education Code §§51.353; 51.354. The purpose is to provide retirement benefits to teachers and administrators at state supported institutions of higher education. Education Code § 51.351; Attorney General Opinion H-532 (1975).
Of the two Education Code sections you cite, the first, section 51.352, reads:
In this subchapter:
. . . .
 (6) `Optional Retirement Program' means the program under this Subchapter to provide fixed or variable retirement annuities which meet the requirements of . . . [certain sections of the Internal Revenue Code of 1954], and the benefits of such annuities are to be available only upon termination of employment in the Texas public institutions of higher education, retirement, death or total disability of the participating faculty member.
(Emphasis added).
The other, section 51.358, reads:
 Participation in the Optional Retirement Program shall terminate and the benefits of such annuities will be available only if the participant
(1) Dies;
(2) Terminates his employment due to total disability;
(3) Accepts retirement;
 (4) Terminates employment in the Texas public institutions of higher education. . . . Transfers between such institutions mentioned in this section and changes in carriers shall not constitute termination of employment. An institution of higher education shall accept the transfer of any participant's Optional Retirement Program.
(Emphasis added).
In Attorney General Opinion H-532 (1975) at 3, we said section 51.358 constitutes an express limitation on the availability of benefits for ORP annuitants, and that such benefits `are unavailable so long as the faculty participant remains an employee in a public institution of higher education.' Further, we said:
 [A] participant in the ORS [Optional Retirement System] has never had the right to surrender his annuity contract for cash or to receive a loan of all or any part of the accumulated contributions during the time he remained an employee of a public institution of higher education. . . . While participants' rights under an ORP vest in one year, these rights are to receive future benefits upon termination of employment by a public institution of higher education. There is no right to those future benefits prior to termination.
Id. at 4.
Our analysis in H-532 was strongly influenced by Woods v. Reilly,218 S.W.2d 437 (Tex. 1949), and by Teacher Retirement System v. Duckworth, 260 S.W.2d 632 (Tex.Civ.App.-Fort Worth 1953), opinion adopted, 264 S.W.2d 98 (Tex. 1954). Citing them, we said that contractual retirement system annuities are to be regarded as `pay withheld to induce continued faithful service,' and that cash surrender or loan provisions which make contract benefits available to participants before retirement `are inconsistent with the purpose underlying retirement systems, which is to provide security upon retirement.' H-532 (1975) at 4.
Your office suggests that the benefits of an ORP contract do not `become available' to the ORP participant when the contributions and earnings accumulated pursuant to one institutionally-approved ORP contract are transferred directly to another such institutionally-approved contract. You suggest that if the transfer is accomplished in a manner that prevents possible diversion or unauthorized use of the accumulated ORP assets, the basic purpose and plan of the retirement system continues to be served; i.e., pay continues to be withheld to induce continued faithful service, and no benefits become available to a participant in a way inconsistent with the provision of security upon retirement.
We agree. Section 51.358 contemplates that participants may change carriers or transfer programs from one institution to another. It carefully provides that such transactions `shall not constitute a termination of employment,' the event which gives participants access to the benefits of their annuity contracts. Attorney General Opinion H-532 dealt with one aspect of that matter when it observed that a `participant may transfer programs and receive benefits from both.' H-532 (1975) at 3. We recognized that a participant might discontinue making contributions to one program and begin participating in another approved program; and where its assets were not transferred from the old program to fund the new one, that the participant could do so without forfeiting future benefits under the old contract. See Ins. Code art. 3.72, § 3(c)(i).
In Attorney General Opinion H-532 we were asked if the law prohibited ORP contracts from containing provisions for cash surrenders and contract loans to a still-employed participant and whether this prohibition would affect the transfer of a participant from one institution to another or from one ORP to another. Our attention was given to determining if the transaction would allow participants immediate, unfettered access to accrued contractual benefits. We did not address the legality of other arrangments which might be made in such an event.
In our opinion, neither Texas Education Code, section 51.352(6), nor section 51.358 prohibits participants from transferring from one approved optional retirement program to another, so long as the actions taken are not subterfuges to obtain pre-termination access to ORP benefits or assets, and do not otherwise frustrate the law. We do not think the authorized transfer of ORP assets to a different, approved ORP gives them such access. Cf. Internal Revenue Ruling 73-124 (change of carriers is neither a surrender of annuity nor a taxable event).
 SUMMARY
Neither Texas Education Code, section 51.352(6), nor section 51.358 prohibits still-employed participants from transferring from one approved optional retirement program to another, so long as the actions taken are not subterfuges to obtain pre-termination access to ORP benefits or assets, and do not otherwise frustrate the law.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee