

# The Attorney General of Texas

November 30, 1981

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ernie W. Tullis
Administrator
Texas Employment Commission
T.E.C. Building
Austin, Texas  78778

Opinion No. MW-397

Re: Definition of "benefit
wage credits" in the Texas
Unemployment Compensation Act
and related questions

Dear Mr. Tullis:

You inform us that the Texas Employment Commission has interpreted article 5221b-1(e), V.T.C.S., of the Texas Unemployment Compensation Act, to prohibit it from considering an individual's wages in excess of the maximum amount of wages as defined in the Federal Insurance Contributions Act when it determines his right to unemployment benefits. You first ask whether the commission may change its interpretation of this provision to permit consideration of the actual wages paid an individual. You also wish to know the amount of wages to be used in applying article 5221b-1(e) when the maximum amount of wages defined in the Federal Insurance Contribution Act changes between the time the wages are earned and the time a claim for benefits is filed.

Article 5221b-1(e), V.T.C.S., provides in part:

> Benefit Wage Credits: 'Benefit wage credits' means those wages as defined in this subsection of the Act, which are used in determining an individual's right to benefits.... [F]or the purposes of this Section..., wages received by an individual in any calendar year shall include all remuneration from each employer for employment up to the maximum amount of wages as defined in the Federal Insurance Contributions Act...as amended....

At the present time, the maximum amount of wages as defined by the Federal Insurance Contributions Act [hereinafter F.I.C.A.] is $29,700. 42 U.S.C. §430. In answer to your first question, the statute clearly sets out the maximum amount of wages that may be considered in determining an individual's benefits. The commission may not consider actual wages in excess of this maximum. See Teacher Retirement System v. Duckworth, 260 S.W.2d 632 (Tex. Civ. App. – Fort Worth 1953), aff'd

per curiam, 264 S.W.2d 98 (Tex. 1954) (courts will not accept agency interpretation contrary to clear meaning of unambiguous statute).

An unemployed individual may receive benefits with respect to any benefit period only if he meets certain requirements as to income distribution within his "base period," defined as "such period of four (4) consecutive completed calendar quarters within the last five (5) completed calendar quarters immediately preceding the first day of an individual's benefit year as the Commission may by regulation prescribe." V.T.C.S. art. 5221b-17(a)(2). The applicant may receive benefits only if he has received total benefit wage credits in his base period of not less than one and one-half times his high quarter benefit wage credits, or if he has received wages within at least one quarter equal to two-thirds of the F.I.C.A. maximum wages. V.T.C.S. art. 5221b-2(e).

Under these definitions, some claimants are denied benefits solely because they receive wages in previous quarters totaling the F.I.C.A. maximum. Their compensation for the balance of that year is not considered "wages" for the purpose of determining unemployment benefits.

This problem derives in part from the commission's interpretation of the provisions an employee must meet to qualify for unemployment compensation. Although under article 5221b-17(a)(2) the commission may define the "base period" as any four consecutive calendar quarters within the last five quarters immediately preceding an individual's benefit year, the commission has by Rule 1 restricted claimants to the first four. See T.E.C. Rule 1 (1976).

You cite, for example, a case involving a January 15, 1979, claim. According to Rule 1, the claimant's base period consisted of the fourth quarter of 1977 and the first three quarters of 1978. His reported wages were $1620.89 for the second quarter of 1978 and $5376.99 for the third quarter of 1978. These reported payments did not meet the "one and one-half times" requirement of article 5221b-2(e), although testimony at the hearing showed that the claimant received actual wages of $5850.92 in the fourth quarter of 1977. If these were allowed to be considered as benefit wage credits, the claimant would have met the "one and one-half times" requirement and would have qualified for unemployment compensation. However, earlier in 1977 claimant had received from the same employer, who paid him the $5850.92, wages in excess of $16,500, the then F.I.C.A. maximum wage. Since both payments were in the same calendar year although not in the same base period, the $5850.92 payment in the fourth quarter of 1977 was not considered by the commission as "wages." Claimant did not qualify under the alternative provided in article 5221b-2(e) for persons receiving within at least one quarter of the base period wages equal to two-thirds of the F.I.C.A. maximum.

If the commission had used the last four consecutive calendar quarters within the last five calendar quarters immediately preceding

the claimant's benefit year in determining the base period, instead of the first four now specified by Rule 1, the claimant's position might have been changed, depending on his wages in the last quarter of 1978.

We find nothing in the statutes to prevent the commission from specifying by regulation that the base period will consist of the four consecutive quarters of the five that will yield the greatest amount in benefit wage credits in regard to each claim. Further, it is expressly within the authority of the commission to prescribe "equivalents" for "calendar" quarters that might more equitably distribute benefit wage credits within the base period by the simple expedient of considering equivalent quarters ending on days other than the last days of the calendar quarters. See V.T.C.S. art. 5221b-17(a)(3).

Another situation with which you are concerned involves an initial claim filed in the second quarter of a year in which the F.I.C.A. maximum had been increased. The base period involved consists of the four calendar quarters of the preceding year. The claimant did not meet the "one and one-half times" requirement of article 5221b-2(e) because he earned the large majority of his qualifying wages in the first quarter of that year. In applying the alternative qualifying provision of article 5221b-2(e), the commission used the F.I.C.A. maximum wage in effect for the year in which the claim was filed instead of that in effect in the year in which claimant's high quarter fell. The difference in the maximum wages used in such cases can determine whether or not a claimant qualifies for unemployment benefits.

In answer to your second question, we believe that the commission in determining the eligibility of a claimant should use the maximum wage in effect when claimant earned and received his qualifying wage. This would not be contrary to any express provision in the Texas Unemployment Compensation Act and would seem to be within the commission's administrative powers.

Our conclusion that the commission should apply the law in effect when the employee's wages were earned even though the federally defined maximum wage has increased by the time the commission determines his eligibility for benefits, derives from the rule of law forbidding a retroactive construction of statutes so as to deprive a party of a substantial right. See 12 Tex. Jur. 2d Constitutional Law §§121, 122. The commission's application of the law in effect at the time of the hearing often injures the employee because of increases in the F.I.C.A. maximum wage prior to the hearing. We believe the commission has power to construe the eligibility statute so that it will operate fairly and justly to all claimants for benefits under the Texas Unemployment Compensation Act.

S U M M A R Y

Article 5221b-1(e), V.T.C.S., of the Texas Unemployment Compensation Act does not consider

actual wages paid an individual in excess of the maximum wages defined in the Federal Insurance Contributions Act as a determining factor for unemployment benefits. Otherwise, the act itself authorizes the commission to prescribe rules for the equitable determination of benefit wage credits for each claimant. The maximum wages to be considered for unemployment benefits are the wages received by the employee not in excess of the maximum wages defined in the Federal Insurance Contributions Act at the time they were earned.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bob Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Bob Lattimore
Jim Moellinger