Honorable Chet Brooks Chairman Health and Human Services Committee Texas State Senate P.O. Box 12068 Austin, Texas 78711
Re: Authority of the Texas Department of Health to reduce the financial eligibility criteria for the Chronically Ill and Disabled Children's Program (RQ-1914)
Dear Senator Brooks:
You ask about and enclose a copy of a letter from the Texas Commissioner of Health to providers of health care services to children under the Chronically Ill and Disabled Children's (CIDC) Program. The letter, dated November 15, 1989, cited budget deficiencies and explained:
In an effort to decrease expenditures without changing coverable conditions and amending program rules and policies extensively, the CIDC program has implemented the following administrative procedures which were effective November 1, 1989:
 • Income eligibility reduced from 200% to 160% of federal poverty income; and
 • overpayments and unauthorized payments will be recouped as payer of last resort for dual coverage by insurance, Medicaid or other third-party payers.
 The effect of the income eligibility reduction is to decrease the number of persons eligible for the program.
Your first question is:
 In the absence of adoption of a rule by the Texas Board of Health, does the Texas Department of Health's reduction of the financial eligibility criteria for the CIDC program from 200 percent to 160 percent of the federal poverty income level violate § 35.005(a)(1) of the Health and Safety Code which provides that the Board by rule shall define medical, financial and other criteria for eligibility to receive services?
The CIDC program has been governed by article 4419c, V.T.C.S., which has been recodified as chapter 35 of the newly enacted Health and Safety Code. Section 35.005(a)(1) of the code provides:
(a) The board [of Health] by rule shall:
 (1) define medical, financial, and other criteria for eligibility to receive services. (Emphasis added.)
The language of that provision is clear: criteria for eligibility are to be defined by rule of the board. See also Health Safety Code § 11.013 (Board of Health shall adopt policies and rules).
Also, the legislature has foreseen the possibility of budget limitations and directed that "the board by rule shall establish a system of priorities relating to the types of services or the classes of persons eligible for the services." Health Safety Code § 35.003(c).
Priority levels based on the federally defined poverty income level have been adopted by the board in accordance with sections 35.005(a)(1) and 35.003(c) as a rule, which is currently found at 25 T.A.C. § 37.83(2)(A)(iii). The board, in the adoption of that rule, attempted to delegate the adjustment of priority levels through the following language:
 Income guidelines are based on percentages of the current federal poverty guidelines and may be adjusted by the program with the consent of the commissioner to meet budgetary limitations.
35 T.A.C. § 37.83(2)(A)(iii). Apparently, this provision in the rules was viewed by the commissioner and the program as authorization for the actions indicated in the commissioner's letter.
The legislature has granted the board the authority to delegate any of its powers or duties, "except that the board may not delegate the power or duty to adopt rules." Health Safety Code §11.013(b). Where the legislature has generally directed the board to enact rules for the performance of its duties and expressly prohibited the delegation of that duty, the board may not, by means of its own rule, attempt to contravene that legislative prohibition. See, e.g., Teacher Retirement Sys. v. Duckworth,260 S.W.2d 632, 636 (Tex.Civ.App.-Fort Worth 1953), opinion adopted,264 S.W.2d 98 (Tex. 1954); see also Carp v. Board of Examiners in Optometry, 401 S.W.2d 639 (Tex.Civ.App.-Dallas 1966), rev'd on other grounds, 412 S.W.2d 307 (Tex. 1967). Thus, we believe that the redesignation of eligibility standards based on the federally defined poverty level may only be accomplished through rules enacted by the board.
In your second question, you ask:
 Does the language of the proposed amendments to 25 TAC § 37.86 conform to the requirements of § 35.003(c) of the Health and Safety Code which provide that if budgetary limitations exist, the Board by rule shall establish a system of priorities relating to the types of services or classes of persons eligible for the services? In the alternative, do the proposed amendments to 25 TAC § 37.86 constitute an overly broad delegation of statutory authority by the Texas Board of Health to agency staff?
As noted above and in your question, section 35.003
(c) of the Health and Safety Code requires that where budgetary limitations exist, it is the duty of the board by rule to establish a system of priorities based on the types of services and the classes of persons eligible for services. The proposed rule reads in part as follows:
 (c) Limitations. The program may limit or restrict services to remain within available funding and to provide effective and efficient administration. The program may establish priorities by type of service for budgetary reasons. (Emphasis added.)
15 Tex.Reg. 16 (1990) (prop. amend. to be codified at 25 T.A.C. § 37.86). We assume that "the program" denotes department staff rather than the board. If so, the proposed rule attempts to delegate a statutory responsibility that has been assigned to the board alone and is therefore invalid.
 SUMMARY
It is the duty of the Board of Health to enact rules for the Chronically Ill and Disabled Children's program. The board must by rule define eligibility criteria for the program and, in case of budgetary limitations, establish by rule a system of priorities both for the types of services available and the classes of persons eligible for those services. Any attempt by the board to delegate these rule-making responsibilities is invalid.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Karen C. Gladney Assistant Attorney General