

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

April 26, 1990

Honorable Chet Brooks
Chairman
Health and Human Services
   Committee
Texas State Senate
P. O. Box 12068
Austin, Texas   78711

Opinion No. JM-1169

Re: Authority of the Texas Department of Health to reduce the financial eligibility criteria for the Chronically Ill and Disabled Children's Program (RQ-1914)

Dear Senator Brooks:

You ask about and enclose a copy of a letter from the Texas Commissioner of Health to providers of health care services to children under the Chronically Ill and Disabled Children's (CIDC) Program. The letter, dated November 15, 1989, cited budget deficiencies and explained:

> In an effort to decrease expenditures without changing coverable conditions and amending program rules and policies extensively, the CIDC program has implemented the following administrative procedures which were effective November 1, 1989:
>
> * Income eligibility reduced from 200% to 160% of federal poverty income; and
>
> * overpayments and unauthorized payments will be recouped as payer of last resort for dual coverage by insurance, Medicaid or other third-party payers.

The effect of the income eligibility reduction is to decrease the number of persons eligible for the program.

Your first question is:

> In the absence of adoption of a rule by the Texas Board of Health, does the Texas Department of Health's reduction of the financial eligibility criteria for the CIDC program from 200 percent to 160 percent of

the federal poverty income level violate
§ 35.005(a)(1) of the Health and Safety Code
which provides that the Board by rule shall
define medical, financial and other criteria
for eligibility to receive services?

The CIDC program has been governed by article 4419c,
V.T.C.S., which has been recodified as chapter 35 of the
newly enacted Health and Safety Code. Section 35.005(a)(1)
of the code provides:

(a)  The board [of Health] by rule shall:

(1) define medical, financial, and
other criteria for eligibility to receive
services.  (Emphasis added.)

The language of that provision is clear:  criteria for
eligibility are to be defined by rule of the board.  See
also Health & Safety Code § 11.013 (Board of Health shall
adopt policies and rules).

Also, the legislature has foreseen the possibility of
budget limitations and directed that "the board by rule
shall establish a system of priorities relating to the types
of services or the classes of persons eligible for the
services."  Health & Safety Code § 35.003(c).

Priority levels based on the federally defined poverty
income level have been adopted by the board in accordance
with sections 35.005(a)(1) and 35.003(c) as a rule, which is
currently found at 25 T.A.C. § 37.83(2)(A)(iii).  The board,
in the adoption of that rule, attempted to delegate the
adjustment of priority levels through the following
language:

Income guidelines are based on percentages of
the current federal poverty guidelines and
may be adjusted by the program with the
consent of the commissioner to meet budgetary
limitations.

35 T.A.C. § 37.83(2)(A)(iii).  Apparently, this provision in
the rules was viewed by the commissioner and the program
as authorization for the actions indicated in the commis-
sioner's letter.

The legislature has granted the board the authority to
delegate any of its powers or duties, "except that the board
may not delegate the power or duty to adopt rules."  Health

& Safety Code § 11.013(b). Where the legislature has generally directed the board to enact rules for the performance of its duties and expressly prohibited the delegation of that duty, the board may not, by means of its own rule, attempt to contravene that legislative prohibition. See, e.g., Teacher Retirement Sys. v. Duckworth, 260 S.W.2d 632, 636 (Tex. Civ. App. - Fort Worth 1953), opinion adopted, 264 S.W.2d 98 (Tex. 1954); see also Carp v. Board of Examiners in Optometry, 401 S.W.2d 639 (Tex. Civ. App. - Dallas 1966), rev'd on other grounds, 412 S.W.2d 307 (Tex. 1967). Thus, we believe that the redesignation of eligibility standards based on the federally defined poverty level may only be accomplished through rules enacted by the board.

In your second question, you ask:

> Does the language of the proposed amendments to 25 TAC § 37.86 conform to the requirements of § 35.003(c) of the Health and Safety Code which provide that if budgetary limitations exist, the Board by rule shall establish a system of priorities relating to the types of services or classes of persons eligible for the services? In the alternative, do the proposed amendments to 25 TAC § 37.86 constitute an overly broad delegation of statutory authority by the Texas Board of Health to agency staff?

As noted above and in your question, section 35.003(c) of the Health and Safety Code requires that where budgetary limitations exist, it is the duty of the board by rule to establish a system of priorities based on the types of services and the classes of persons eligible for services. The proposed rule reads in part as follows:

> (c) Limitations. The program may limit or restrict services to remain within available funding and to provide effective and efficient administration. The program may establish priorities by type of service for budgetary reasons. (Emphasis added.)

15 Tex. Reg. 16 (1990) (prop. amend. to be codified at 25 T.A.C. § 37.86). We assume that "the program" denotes department staff rather than the board. If so, the proposed rule attempts to delegate a statutory responsibility that has been assigned to the board alone and is therefore invalid.

## S U M M A R Y

It is the duty of the Board of Health to enact rules for the Chronically Ill and Disabled Children's program. The board must by rule define eligibility criteria for the program and, in case of budgetary limitations, establish by rule a system of priorities both for the types of services available and the classes of persons eligible for those services. Any attempt by the board to delegate these rule-making responsibilities is invalid.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General