STATE EX REL. SPRINGFIELD WAREHOUSE AND TRANSFER COMPANY AND SUR-WAY LINES, INC., RESPONDENTS, v. PUBLIC SERVICE COMMISSION OF MISSOURI, APPELLANT.—225 S. W. 2d 792.

Kansas City Court of Appeals. Opinion delivered November 7, 1949.

*Tyre W. Burton* and *Frank J. Iuen* for appellant.

1150

*Stone & Smith, R. Jasper Smith* and *S. W. James, Jr.* for respondent.

SPERRY, C.—Springfield Warehouse and Transfer Company, one of the relators herein, holds a certificate of convenience and necessity issued by the Missouri Public Service Commission, respondent, authorizing it to operate as a freight carrier over an irregular route: "Springfield to and from all points in Missouri in the transportation of household goods and office furniture and fixtures, or in the transportation of heavy machinery and like commodities, requiring special equipment and special services, and no other commodities;" Sur-Way Lines, Inc., the other relator herein, is authorized by respondent to transport live stock to and from Springfield to all points in Missouri. Springfield Warehouse and Transfer Company contracted to sell to Sur-Way Lines, Inc., that part of its rights, business and assets relating to the transportation of heavy machinery, (retaining that part relating to household goods and office furniture and fixtures) and both relators sought an order of respondent transferring that part of the authority, under the certificate.

After a hearing on the application respondent found that Springfield Warehouse and Transfer Company had sold to Sur-Way that part of its business, rights and assets relating to the transportation of heavy machinery and like commodities, requiring special equipment and special services, and that Sur-Way was fully qualified to conduct and carry on the business of a motor carrier; but it denied the application for the stated reason that to permit the holder of a single certificate of convenience and necessity to transfer to another his operating rights as to specific commodities and, at the same time, retain his operating rights as to certain other commodities, would eventually result in chaos in the regulation of transportation. Its policy, of long standing, was to deny applications which, if granted, would result in "splitting" certificates.

Thereafter, relators applied to the circuit court of Cole County and obtained a review of the proceedings and order of respondent. The court adjudged respondent's order to be unlawful and unreasonable, set the same aside, and remanded the cause for further proceedings. From that judgment respondent appeals.

It is the position of both parties that the issues presented here, are governed by the provisions of Section 5724 (c) R. S. Mo. 1939. Relator contends that the provisions of that section are clear and unambigous; and that it was the clear, mandatory duty of respondent to transfer the authority as requested. Respondent contends that the meaning

of that section is not clear, that the wording of the statute renders its meaning ambiguous, and that, therefore, the interpretation placed upon it by respondent, over a long period of time, should be given force and effect by the courts.

The language of subsection c, of Section 5724, supra, is as follows: "(c) Where a certificate such as provided for in subsection (a) of this section shall have been issued and thereafter the motor carrier to whom such certificate shall have been issued shall sell, transfer or assign the business, rights and/or assets of such motor carrier, *or any part thereof,* then and in that event the said certificate originally issued to such motor carrier, *or the part so sold,* shall, upon application to the commission, if the commission shall be of the opinion that the purchaser thereof is in all respects qualified under the provisions of this article, to conduct the business of a motor carrier within the meaning of this article, be by the commission transferred to the purchaser and be effective in like manner as though originally issued to such purchaser:" (Emphasis ours).

Article VIII of Chapter 33 R. S. Mo. 1929, was originally enacted in 1927. Page 402, Laws Mo. 1927. It constituted the first statutory code of this state regulating the transportation of persons by motor vehicle, for hire. Section 5267 thereof was the predecessor of Section 5268, R. S. Mo. 1929. Section 5267, supra, made no provision for the transfer of "any part" of a certificate holder's "rights, business, and/or assets," or "of the part so sold" (of said certificate) as is provided in Section 5724 (c) supra. In 1931 the Legislature repealed Article VIII, supra, in its entirety and, in lieu thereof, enacted what is now Article VIII, Chapter 33, R. S. Mo. 1939. Section 5268 (c) now Section 5724 (c), thereby first came into the law. A significant change was made in the law as it had previously existed. For the first time provision was made for the sale or transfer by a certificate holder, of a *part* of his business, rights and assets and a transfer, by the Commission, of "the *part* so sold" (of the certificate) to the purchaser.

It is the practice of respondent to permit a part of a *route,* over which a certificate holder is authorized to operate, to be transferred to a person to whom the certificate holder has sold, transferred or assigned that part of his business, provided said certificate holder has retained no control of, or rights in, that part of the route; and it is a rule, of long standing, to refuse to transfer a part of a route, or a part of the authority held by a certificate holder, where he retains some control over the part so sold, or of the route, or of its terminal. To permit a transfer in the latter mentioned class of cases would result in a "splitting" of the certificate, so it is said. This rule was originally adopted by respondent many years ago, and is the rule

followed by the Interstate Commerce Commission. Respondent advances the same reasons, in support of their ruling in this respect, as are given by the I. C. C. in similar cases.

However, the adoption of such a rule by respondent can only be legally authorized upon the grounds that the Legislature has directly, or by necessary or reasonable implication, authorized the same. Respondent has no power except that granted by its creator. Missouri Valley Realty Company v. Cupples Station Light, Heat & Power Company, 199, S. W. 151, l. c. 153; Ex parte Williams, 139 S. W. 2d, 485, l. c. 491.

The Legislature has declared the public policy of this state, regarding the transfer of certificates. Respondent is merely the instrumentality of the Legislature, created for the purpose of carrying out that policy. It has no power to adopt a rule, or follow a practice, which results in nullifying the expressed will of the Legislature. It cannot, under the theory of "construction" of a statute, proceed in a manner contrary to the plain terms of the statute; and the fact that such a rule has been in existence for a long period of time does not give it legal effect or make its legality persuasive on the court, except in cases where the statute may fairly be said to be ambiguous. Metropolitan Life Insurance Company v. Scheufler, 180 S. W. 2d, 742, l. c. 745.

In construing the above section of the statute this court said:

"Under the provisions of the statute the Commission, in passing upon the application for the transfer of Gehrs' certificate, was called upon (1st) to find whether there had been a sale, transfer, or assignment of the business, rights and/or assets of Gehrs to the Banner Truck Lines, Inc., and (2nd) as to whether the Banner Truck Lines, Inc., was in all respects qualified under the provisions of the act to conduct the business of a motor carrier within the meaning of the act." Gehrs v. Public Service Commission, 114 S. W. 2d, 161, l. c. 164, 165.

In effect, we held that the Commission is *required*, by the terms of the statute, to transfer a certificate after it has found that a sale of the business, rights and/or assets of the certificate holder has been made, and that the transferee is qualified to conduct the business of a motor carrier. Under the statute, the parties to the transaction are entitled, as a matter of right, to have the certificate transferred. The language of the statute is clear, unambiguous, and is not subject to any other construction. Since there is no ambiguity we may not resort to the various rules of construction which, otherwise, might be applicable. State ex rel. Collins v. Kiernan, 207 S. W. 2d, 49, l. c. 53. It does not require, or permit, the Commission to determine that the transfer of the certificate is for public convenience and necessity.

However, the sale here made, and the transfer of authority sought, is as to a *part only* of the rights, business and/or assets of Springfield

Warehouse, and as to a *part* of its certificated authority. Under its certificate it had authority to transport for hire two classes of property, the second class mentioned therein being "heavy machinery and like commodities requiring special equipment and special service * * *." That is the part of the rights, business and assets of Springfield Warehouse which was sold. The part sold is readily ascertainable and identifiable, and is severable from the other part of its rights, business and/or assets, which it retained. The authority to transport heavy machinery and like commodities requiring special equipment and special services is as easily ascertainable and severable from the other part of Springfield Warehouse business as is a certain specified segment of a route over which a carrier has been authorized to operate and which he wishes to transfer to another. Respondent does not contend that the statute is ambiguous in respect to a transfer of the last mentioned character.

We do not discuss the power of respondent to refuse to transfer a certificate, or a part thereof, when such transfer would result in "splitting" a certificate, because not required to do so in order to dispose of the issue here presented. It may be observed, however, that if the statute plainly authorizes the transfer of a part of the authority of a certificate holder, so as to effect the "splitting" of a certificate, respondent may not refuse to comply with the provisions of the statute merely because to do so would, in the judgment of respondent, result in chaos in the regulation of motor transportation. The Legislature alone has the power to declare the general law relating to this subject, and respondent must observe same. If the interests of the public require a change in the law in this respect, then it is a matter for appropriate action by the Legislature whose attention will, no doubt, be attracted by this decision.

The judgment should be affirmed. *Bour, C.,* concurs.

PER CURIAM.—The foregoing opinion of Sperry, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.