Kathryn A. OBERKIRSCH, Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Respondent/Appellant.

No. 65693.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 13, 1994.

111

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Michael B. Smallwood, St. Louis, for respondent.

REINHARD, Judge.

The Director of Revenue (Director) appeals the judgment of the circuit court reinstating petitioner's driving privileges for lack of subject matter jurisdiction due to petitioner's failure to exhaust administrative remedies. We vacate and remand.

Petitioner was provided with notice on September 27, 1993, from the Director, that she was required to post $1,492.00 to cover damages arising from a motor vehicle accident. Additionally, the notice provided that she was subject to a sixty day suspension to begin on October 30, 1993, for failing to maintain financial responsibility as required by § 303.025, RSMo 1986.[1] On October 21, 1993, driver filed a two-count petition in circuit court. Count I asked that the Director

be prevented from suspending her driving privileges because the damage claim against her was resolved and because she had a justiciable reason to believe she was in compliance with § 303.025. Count II, in the alternative, asked for hardship driving privileges. The court stayed the suspension until the trial date. The Director answered petitioner's petition by claiming the court lacked jurisdiction to decide Count I due to petitioner's failure to exhaust administrative remedies but acquiesced to the discretion of the court on Count II. Subsequently, the Director (through a local assistant prosecutor) confessed petitioner's petition. The court thereby reinstated petitioner's driving privileges.

The Director claims that the court erred in reinstating petitioner's driving privileges, as prayed for in Count I, because the court lacked subject matter jurisdiction over Count I in that petitioner failed to exhaust the administrative remedies provided in § 303.-290.1.[2] The issue in this case was resolved in *Teat v. Director of Revenue*, 806 S.W.2d 754 (Mo.App.1991). In *Teat*, the Western District of this court decided that a suspension order by the Director for failure to maintain financial responsibility was a "contested case" requiring a party to exhaust all administrative remedies before judicial review is appropriate in circuit court. *Id.* at 758. Section 303.290.1 provides the administrative remedy of an administrative hearing for any person aggrieved by orders or acts of the Director. Since petitioner has not requested an administrative hearing as provided in § 303.290.1, her administrative remedies have not been exhausted. *Id.* Therefore, the court lacked the jurisdiction to reinstate petitioner's driving privileges. *Id.* The confession of judgment in this case is irrelevant. Subject matter jurisdiction cannot be conferred by waiver or consent. *Gunn v. Director of Revenue*, 876 S.W.2d 42, 43 (Mo. App.E.D.1994).

For the foregoing reason, we vacate the order of the circuit court reinstating petitioner's driving privileges and remand with di-

1. All further statutory references are to RSMo 1986.

2. Petitioner did not favor us with a brief.

rections to dismiss Count I of petitioner's petition.

GARY M. GAERTNER and CRAHAN, JJ., concur.