Craig Victor **TRANCHILLA**, Appellant,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI**, Respondent.

No. 77155.

Supreme Court of Missouri,
En Banc.

Feb. 21, 1995.

Michael J. McAvoy, Fenton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

THOMAS, Judge.

## I.

Craig Tranchilla was arrested for driving while intoxicated on December 22, 1992. The arresting officer took Tranchilla's driver's license and his driving privileges were suspended. On February 4, 1993, Tranchilla received an administrative hearing in which the revocation of his driving privileges was sustained pursuant to section 302.505, RSMo Supp.1992, and section 302.530, RSMo 1986. On March 2, 1993, Tranchilla filed a petition for a trial de novo in the circuit court styled "Craig Victor Tranchilla v. Missouri Department of Revenue." The petition instructed that the Director of Revenue (Director) be served and made clear that Tranchilla sought review of the suspension of his license. The Director filed an answer and appeared by counsel when the case was heard by the circuit court.

The Director asked for a continuance when her principal witness failed to appear. The court denied this request. The Director then offered into evidence the arresting officer's police report and the maintenance records of the breath analysis machine. Tranchilla objected, arguing that the admission denied his right to confront and cross-examine witnesses. The court overruled the objection, admitted the records, and affirmed the suspension.

On appeal, Tranchilla argued that the court erred in admitting the records because there was no foundation evidence as required by section 302.312, RSMo 1994. The Director countered with her argument that the circuit court lacked subject matter jurisdiction to hear the case because Tranchilla failed to properly name the Director in the caption of the petition. The court of appeals affirmed the judgment of suspension and held that, while the Director was made a party by unchallenged intervention, Tranchilla had waived his objection to the lack of foundation. The court of appeals transferred the case to this Court. Rule 83.02. We affirm.

## II.

We believe this case comes within the rule articulated in *Jackson v. Director of Revenue*, 893 S.W.2d 831 (Mo. banc 1995), also handed down today. Tranchilla named the Department of Revenue in the caption of his timely petition, and the petition made clear that Tranchilla sought review of the revocation of his driver's license. The trial court did not, therefore, lack subject matter jurisdiction.

We affirm the suspension, however, because Tranchilla waived his right to appeal the lack of foundation evidence by failing to properly object in the trial court. Tranchilla's objection on the basis of the right to cross-examine witnesses does not preserve for appeal the foundation evidence issue as "[t]he only objections to evidence that can be considered on appeal are those that are made in the trial court." *State v. Northeast Building Co.*, 421 S.W.2d 297, 301 (Mo.1967). The lack of foundation evidence issue is not preserved for appeal, and the judgment of suspension is affirmed.

All concur.