Mary Lee MONTGOMERY,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, STATE OF
MISSOURI, Respondent/Appellant.

No. 66512.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 28, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent/appellant.

Mary Lee Montgomery, pro se.

REINHARD, Presiding Judge.

The Director of Revenue (Director) appeals the judgment of the circuit court reinstating petitioner's driving privileges. We vacate and remand.

Petitioner was provided notice from the Director on February 27, 1994, that she was required to post $622 to cover damages arising from a motor vehicle accident and further indicating that she was subject to suspension for failing to maintain financial responsibility as required by § 303.025, RSMo 1994. Subsequently, petitioner filed a two-count petition in circuit court. Count I sought review of the suspension and Count II, in the alternative, asked for hardship driving privileges. The Director answered by claiming the court lacked subject matter jurisdiction as to Count I since petitioner failed to exhaust the administrative remedies provided by § 303.290.1, RSMo 1994. The Director requested Count I be dismissed, but the Director had no objection to issuance of limited driving privileges under Count II.

On June 18, 1994, an assistant prosecutor confessed petitioner's petition on the Director's behalf. The court thereby reinstated petitioner's driving privileges.

The facts in this case mirror those of our recent case *Oberkirsch v. Director of Revenue*, 883 S.W.2d 110 (Mo.App.E.D.1994). Our resolution in *Oberkirsch* is dispositive to the instant case:

[A] suspension order by the Director for failure to maintain financial responsibility [is] a "contested case" requiring a party to exhaust all administrative remedies before judicial review is appropriate in circuit court. Section 303.290.1 provides the administrative remedy of an administrative hearing for any person aggrieved by orders or acts of the Director. Since petitioner has not requested an administrative hearing as provided in § 303.290.1, her administrative remedies have not been exhausted. Therefore, the court lacked the jurisdiction to reinstate petitioner's driving privileges. The confession of judgment ... is irrelevant. Subject matter jurisdic-

tion cannot be conferred by waiver or consent.

*Id.* at 111 (citations omitted).

As in *Oberkirsch,* we vacate the order of the circuit court reinstating petitioner's driving privileges and remand with directions to dismiss Count I of petitioner's petition.

GARY M. GAERTNER and CRAHAN, JJ., concur.