Michael R. O'DONOHUE, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. 66857.

Missouri Court of Appeals,
Eastern District,
Division One.

April 25, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Michael J. McAvoy, Fenton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Director of Revenue, State of Missouri ("Director"), appeals from an order of the Jefferson County Circuit Court ordering Director to remove three convictions from the driving record of respondent, Michael R. O'Donohue ("licensee"). We affirm in part and reverse and vacate in part.

The relevant facts of this case, as can be discerned from the record on appeal and Director's brief,[1] originate on January 6, 1990. On that date, licensee was arrested for failing to produce proof of financial responsibility to a law enforcement agent, in violation of RSMo §§ 303.024 and 303.025 (1986). Director issued licensee a "Notice of Requirement to Show Proof of Motor Vehicle Financial Responsibility." Said notice informed licensee of his right to an administrative hearing.

Upon licensee's failure to answer this notice, licensee's license was suspended for 60 days beginning February 18, 1990. The administrative case data sheet for this suspension, listed in licensee's driving record as conviction file number 9099999, shows licensee made no request for an administrative hearing as was his right under RSMo § 303.290.1 (1986). Licensee's driver's license was reinstated on May 19, 1992.

On April 28, 1993, twelve points were assessed against licensee's license.[2] This conviction was listed on licensee's driving record as conviction file number 29665038. On May

---

1. Licensee did not file a brief.

2. Although the record is unclear as to what the conviction was for, RSMo § 302.302.1(5) (1986) provides that Director shall assess twelve points against a driver's license if the licensee is convicted of "[o]perating without a license after suspension or revocation and prior to restoration of operating privileges which have been suspended or revoked." Licensee's driver's record shows a conviction on November 8, 1990. This conviction occurred after licensee's license had been suspended on February 18, 1990, and prior to its reinstatement on May 19, 1992.

12, 1993, Director mailed to licensee a "Notice of Loss of Driving Privilege," informing licensee that his license was revoked for one year effective June 12, 1993, for obtaining twelve or more points on his license.[3] The revocation was listed on licensee's driving record as conviction file number 0575090.

On June 11, 1993 (one day before the effective date of the revocation), licensee filed a petition for review in Jefferson County Circuit Court, asking that the revocation be set aside and his license reinstated. The petition named the Department of Revenue in the caption as the adverse party. On August 26, 1993, two more points were assessed against licensee for speeding. On September 9, Director issued another "Notice of Loss of Driving Privilege" to licensee, informing licensee his driving privileges were revoked for one year effective August 26, 1993. This revocation was listed on licensee's driving record under the same conviction file number (0575090) as the June 12 revocation.

On January 13, 1994, after several continuances, the circuit court issued a stay order ordering Director to refrain from taking any action to enforce conviction file number 0575090, and to reinstate licensee's driving privileges until further order of the court. On April 14, 1994, the court issued the following order:

> Come the parties and without objection, the court enters its order that [Director] shall remove from [licensee]'s driving record conviction file numbers—
>
> 1) # 9099999—2/18/90
>
> 2) # 29665038—4/28/93
>
> 3) # 0575090—6/12/93 and 8/26/93

On May 2, 1994, Director filed a motion for an amended judgment or for relief from the judgment, alleging the circuit court's order void due to lack of subject matter jurisdiction. On August 24, 1994, the court entered an order denying Director's motion and rein-

stating its order of April 14. This appeal followed.

■ Director raises two points on appeal. Director first contends the circuit court erred in ordering conviction file number 9099999— the 60 day suspension of licensee's driving privileges for failure to provide proof of financial responsibility—removed from licensee's record. According to Director, the circuit court lacked subject matter jurisdiction over 9099999, due to licensee's failure to exhaust his administrative remedies. We agree.

RSMo § 303.290.1 provides for administrative hearings upon the request of licensees "aggrieved by orders or acts of the director under the provisions of this chapter." A circuit court lacks subject matter jurisdiction and may not take action with respect to suspension of a licensee's driving privileges under RSMo § 303.025, where the licensee failed to pursue his or her administrative remedies by seeking an administrative hearing pursuant to RSMo § 303.290.1. *Oberkirsch v. Director of Revenue*, 883 S.W.2d 110, 111 (Mo.App.E.D.1994); *Renfro v. Director of Revenue, State of Mo.*, 810 S.W.2d 723, 726 (Mo.App.E.D.1991).

Here, the record shows licensee made no request for an administrative hearing on the suspension of his license for failure to provide proof of financial responsibility. As licensee did not exhaust the administrative remedies available under RSMo chapter 303, he waived any available judicial action regarding 9099999. Accordingly, the circuit court's order removing 9099999 from licensee's driving record was void for lack of subject matter jurisdiction. Although the court's removal of 9099999 from licensee's record was not objected to, the parties' apparent consent to the court's action did not vest the court with subject matter jurisdiction. "Subject matter jurisdiction cannot be conferred by waiver or consent." *Oberkirsch*, 883 S.W.2d at 111. Point granted.[4]

---

**3.** RSMo § 302.304.6 (1986) provides that Director shall revoke, for at least one year, the license of a person who has accumulated twelve points in twelve months.

**4.** Although licensee's driving privileges were reinstated on May 19, 1992, 9099999 is not moot, in that the suspension may be used to enhance subsequent violations of RSMo § 303.025 pursuant to RSMo § 303.042.2(2) and (3).

For her second point on appeal, Director contends the circuit court lacked subject matter jurisdiction to set aside the convictions listed in its order, due to licensee's failure to name Director as a party in the caption of his petition for review. Since we have already ruled the court lacked subject matter jurisdiction over conviction file number 9099999, this second point concerns the balance of the conviction file numbers listed in the court's order—29665038 and 0575090. We find the court did have jurisdiction over these two convictions.

■ The Missouri Supreme Court has recently held that failure to name Director as a party does not necessarily deprive the circuit court of subject matter jurisdiction over petitions for review of license revocations. *Jackson v. Director of Revenue*, 893 S.W.2d 831, 833 (Mo. banc 1995). *See also Tranchilla v. Director of Revenue*, 893 S.W.2d 829, 830–31 (Mo. banc 1995). Technical failure to name Director in the caption of the petition does not deprive the circuit court of jurisdiction if the petition for review (1) names either Director or the Department of Revenue in the caption, or treats Director or the Department of Revenue as a party to the lawsuit in the body of the petition; and (2) makes obvious from the body of the petition that the lawsuit seeks review of license suspension or revocation. *Jackson* at 833. Licensee's petition for review met both these requirements. Point denied.

As the circuit court's order was void with respect to conviction file number 9099999 due to lack of subject matter jurisdiction, we reverse and vacate that part of the order directing Director to remove 9099999 from licensee's driving record. We affirm the order in all other respects.

REINHARD, P.J., and CRAHAN, J., concur.