**Renee Lynette LINHARDT,
Respondent,**

**v.**

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 94178.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 31, 2010.

Jonathan Hale, Jefferson City, MO, for Appellant.

Michael Kielty, St. Charles, MO, for Respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Renee Lynnette Linhardt ("Driver") filed a petition against the Director of Revenue, State of Missouri ("Director") in the Circuit Court of St. Louis County challenging the suspension of her driving privileges for failure to maintain financial responsibility pursuant to Section 303.025.[1] The trial court dismissed the petition for failure to exhaust all administrative remedies and remanded the case to the Director for an administrative hearing. The Director appeals only the trial court's remand for an administrative hearing. We affirm the trial court's dismissal of Driver's petition and vacate its order remanding the case to the Director.

### Factual and Procedural Background

The relevant facts of this case, as can be discerned from the record on appeal and the Director's brief,[2] originated from an April 22, 2008 accident. As a result of the accident, the Department of Revenue noti-

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.

2. Driver did not file a Respondent's brief.

fied[3] Driver on January 13, 2009 that her driving privileges would be suspended for failure to maintain financial responsibility, a violation of Section 303.025.

On February 13, 2009, Driver filed a petition in the Circuit Court of St. Louis County against the Department of Revenue seeking reversal of the suspension and reinstatement of her driving privileges. The Director filed a motion to dismiss for failure to exhaust administrative remedies. The trial court granted the motion and remanded the case to the Director for an administrative hearing.

### Discussion

■ The Director raises one point on appeal. Before we can address the merits of the appeal, we must determine our jurisdiction *sua sponte*. *In re Estate of Shaw*, 256 S.W.3d 72, 73 (Mo. banc 2008). In cases where the trial court has exceeded its authority in entering an order or judgment, we cannot consider the merits of the appeal, but we have the jurisdiction to confine a trial court to its authority. *Id.* at 77; *see also J.C.W. ex rel Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009). A trial court lacks authority unless "available administrative remedies are exhausted before seeking judicial review of administrative action." *Renfro v. Dir. of Revenue*, 810 S.W.2d 723, 726 (Mo.App. E.D.1991): *See also O'Donohue v. Dir. of Revenue, State of Mo.*, 896 S.W.2d 753, 754 (Mo.App. E.D.1995).

Section 303.041 provides the procedure for informing a driver of his or her suspension of license or registration for failure to maintain financial responsibility. Once the Director determines that the driver has not maintained financial responsibility, the Director mails a notice of suspension to the driver. Section 303.041.1. The notice of suspension specifies the statutory grounds for suspension, the effective date of suspension, "the right of the person to request a hearing, the procedure for requesting a hearing, and the date by which that request for hearing must be made." Section 303.041.2. The suspension becomes effective thirty days after the notice is deemed received.[4] Section 303.042.1. The effective date of the suspension can be stayed if a request for a hearing is received prior to the effective date of the suspension. Section 303.041.2. Section 303.290.1 provides for administrative hearings upon the request of licensees "aggrieved by orders or acts of the director under the provisions of this chapter."

■ Here, the record shows that Driver did not request an administrative hearing regarding the suspension of her license for failure to provide proof of financial responsibility. The Driver waived any available judicial action when she failed to exhaust the administrative remedies available under Section 303.041. Accordingly, the trial court did not have the authority to remand the case to the Director for an administrative hearing.

■ Rule 84.14[5] authorizes this court to finally dispose of the case. "On review, we may dispense with the remand process and 'render the judgment that should have been rendered by the trial court.'" *Norber v. Marcotte*, 134 S.W.3d 651, 662 (Mo. App. E.D.2004) (*quoting Meiners v. Meiners*, 858 S.W.2d 788, 791 (Mo.App. E.D.

---

3. Although there was no copy of the January 13, 2009 Notice, both parties agreed that it was sent.

4. The notice is deemed received three days after mailing. Section 303.041.1.

5. All other rule references are to Mo. R. Civ. P. (2010), unless otherwise indicated.

1993)). We are only able to dispose finally of the case when the record and evidence on appeal give us some degree of confidence in the reasonableness, fairness and accuracy of that disposition. *Id.* Therefore, we vacate the trial court's order remanding the case to the Director.

### Conclusion

We affirm the trial court's dismissal of Driver's petition and vacate its order remanding the case to the Director.

KURT S. ODENWALD, P.J., and ROBERT G. DOWD, JR., J., concur.