Jeremiah Joseph **PHELPS**, Respondent,

v.

**DIRECTOR OF REVENUE**, Appellant.

No. ED 95648.

Missouri Court of Appeals,
Eastern District,
Division One.

May 22, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 28, 2012.

---

Chris Koster, Samuel E. Buffaloe, Jefferson City, MO, for appellant.

Robert S. Adler, St. Louis, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

### Introduction

The Director of Revenue (DOR) appeals the judgment of the trial court in favor of Respondent Jeremiah Joseph Phelps (Phelps), which found the DOR failed to prove Phelps' blood alcohol content (BAC) was above the legal limit. The DOR argues the trial court erroneously excluded admissible evidence of Phelps' BAC. We reverse.

### Background

On August 16, 2009, Phelps was arrested for driving while intoxicated (DWI), by Missouri State Park Ranger Todd Shearrer. Ranger Shearrer took Phelps to the Washington County Sheriff's Office, where Officer Matthew Skaggs administered a breath alcohol test. The test showed Phelps had a BAC of .125. Based on this, the DOR suspended his driving privilege.

Phelps requested an administrative hearing to review his suspension, after which the DOR sustained the suspension of Phelps' license. Phelps filed a petition for trial de novo to review this decision, alleging that there was no probable cause to believe he had been driving while intoxicated, and that the evidence of his BAC obtained through the breath alcohol test was inadmissible. Phelps filed a motion in limine to exclude the results of his breath alcohol test, arguing that it was administered in violation of Sections 577.020–577.041, RSMo. (Cum.Supp.2006). The trial court granted this motion, and ultimately found that while there was probable cause to believe Phelps was driving while intoxicated, the DOR did not meet its burden to prove Phelps' BAC was above the

legal limit. The trial court reinstated Phelps' driving privileges. This appeal follows.

### Standard of Review

■ Our review of a court-tried case is governed by the principles set forth by the Missouri Supreme Court in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

### Discussion

■ The DOR's sole point on appeal is that the trial court erroneously concluded that the results of Phelps' breath alcohol test were inadmissible. We agree.

The crux of Phelps' motion in limine was that Officer Skaggs was not properly authorized to administer a breath alcohol test in light of Missouri Governor Matt Blunt's Executive Order 07–05, which transferred the authority for issuing permits to administer such tests from the Department of Health and Senior Services (DHSS) to the Missouri Department of Transportation (MoDOT). According to Section 577.020, in order to be valid, a breath alcohol test must be administered by a person holding a valid permit. On July 25, 2007, Officer Skaggs received a Type III DHSS permit to administer the particular breath test he administered to Phelps. Executive Order 07–05 became effective roughly one month later on August 28, 2007, and nearly two years prior to Phelps' arrest. Therefore, Phelps argued that because Officer Skaggs did not have a permit issued by MoDOT when he administered the breath alcohol test to Phelps, the test results are not admissible. The trial court granted Phelps' motion.

This Court's opinion in *Schneider v. Dir. of Revenue*, 339 S.W.3d 533 (Mo.App. E.D. 2011), offers a thorough and instructive analysis of the identical issue presented here and concludes that no actual transfer of responsibilities from DHSS to MoDOT occurred under Executive Order 07–05. 339 S.W.3d at 537–39. We see no reason to repeat an exhaustive discussion of the same here, and numerous cases have followed this conclusion. *E.g., Sostman v. Dir. of Revenue*, 363 S.W.3d 55, 58–59 (Mo.App.E.D.2011) (citing cases). Therefore, we find Officer Skaggs had a valid permit to administer the breath alcohol test at the time he administered it to Phelps, in compliance with Section 577.020. Because the trial court found the results of Phelps' breath alcohol test inadmissible due to Executive Order 07–05, the trial court erroneously applied the law when it excluded the test results. Point granted.

Rule 84.14[1] authorizes this Court to enter the judgment of the trial court that should have been rendered, rather than remanding the case, "when the record and evidence on appeal give us some degree of confidence in the reasonableness, fairness, and accuracy of that disposition." *Linhardt v. Dir. of Revenue*, 320 S.W.3d 202, 205 (Mo.App. E.D.2010). As the results of Phelps' BAC test were unchallenged save for admissibility, we are confident in the accuracy of a judgment relying on them.

### Conclusion

Because the trial court found that there was probable cause to believe Phelps was driving while intoxicated, and because the results of Phelps' admissible blood alcohol test show that Phelps had a BAC over the legal limit, we reverse. We enter judg-

---

1. All rule references are to Mo. R. Civ. P. (2012).

ment denying Phelps' petition and sustaining the Director's suspension of Phelps' driving privileges. Rule 84.14.

REVERSED.

CLIFFORD H. AHRENS, P.J., and ROY L. RICHTER, J., concur.